JUAN SOTO LÓPEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 990.—*Sometido:* Marzo 30, 1937. *Resuelto:* Abril 7, 1937.

---

* NOTA: Véase el prefacio.

*Rafael Buscaglia,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El recurrente es dueño de una finca urbana que aparece inscrita al folio 33 del Tomo 144 de Santurce Norte, bajo el número 3519. Dicha finca fué formada por segregación de la núm. 1556 y ésta a su vez por segregación de la núm. 519.

Por escritura de 28 de febrero de 1915, doña Carmen Figueroa, dueña de la finca núm. 519, constituyó hipoteca sobre dos octavas partes de dicha finca a favor de doña Emilia Surís Cardona, por el término de dos años, vencedero el 28 de febrero de 1917. Por razón de su procedencia, la finca núm. 3519, propiedad del recurrente, se halla afecta a una hipoteca por $336 de principal, con intereses a razón de $3 mensuales. La referida hipoteca fué cedida a don Luis Hernáiz Verone, casado con doña Josefa Albandoz, por escritura de fecha 12 de febrero de 1920, quedando inscrita la cesión al folio 237 vuelto del Tomo 56 de Santurce Norte, finca núm. 519.

Con fecha 2 de marzo de 1937, el recurrente solicitó del registrador recurrido la cancelación de la hipoteca en cuanto

a la finca núm. 3519. Se basa la petición en que habiendo transcurrido más de veinte años desde el vencimiento de la hipoteca, o sea desde el 28 de febrero de 1917 hasta la fecha de la petición, procede la cancelación del gravamen en el registro, sin citación del acreedor hipotecario, de acuerdo con las disposiciones de la Ley núm. 12 de agosto 29 de 1923. (Leyes Sesión Extraordinaria 1923, p. 37.)

Négóse el registrador a practicar la cancelación solicitada, exponiendo sus razones en la siguiente nota:

"Denegada la cancelación solicitada por observarse que dicha hipoteca aparecía subsistente el día 12 de febrero de 1920 y no haber transcurrido 20 años desde día (*sic*) fecha, tomándose en su lugar anotación preventiva por ciento veinte días al folio 34 del tomo 144 de Santurce Norte, finca 3519, anotación letra C. San Juan, Marzo 9 de 1937."

Por el presente recurso se solicita la revocación de dicha nota denegatoria, que se ordene la cancelación libre de gastos para el recurrente y que se imponga al recurrido el pago de costas, gastos, y honorarios de abogado.

██ La sección 2 de la Ley núm. 12 de agosto, 1923, supra, que empezó a regir en la misma fecha de su aprobación, en lo pertinente dispone:

"Sección 2.—Cualquier persona natural o jurídica, que sea dueña de bienes inmuebles sobre los cuales pesen gravámenes hipotecarios que tengan veinte (20) años de vencidos o de constituídos, si no tuvieren vencimiento, podrá presentar a la corte de distrito en que radiquen los bienes o la mayor parte de ellos, una petición solicitando la cancelación de dichas hipotecas, y el juez de dicha corte ordenará la citación del acreedor para que comparezca ante la misma dentro del término de diez (10) días, si la citación se hace en el distrito, de veinte (20) días si se hace fuera del distrito, pero dentro de la Isla, y cuarenta (40) días si se hace fuera de la Isla, a que exponga las razones por las cuales dichas hipotecas no deben ser canceladas.

"Si expirado este término no compareciere el acreedor citado, se anotará su rebeldía y la corte dictará una sentencia ordenando la cancelación. Si el referido acreedor hipotecario comparece a oponerse a la cancelación citada, entonces el procedimiento se convertirá en

contencioso y se seguirá por los trámites que establece el Código de Enjuiciamiento Civil.

" . . . . . . . . .

"Transcurrido un año desde la vigencia de esta Ley, los registradores, a instancia de las personas interesadas ya indicadas, procederán a la cancelación de las hipotecas referidas en esta sección, sin necesidad de notificación alguna, si no se hubiere acreditado en el registro la interposición de la demanda en cobro de la misma o la subsistencia de tales gravámenes."

El propósito fundamental de la sección transcrita es el de cancelar en los libros del registro todas aquellas hipotecas que aparecieren estar extinguidas o prescritas por haber transcurrido desde su vencimiento el término legal de veinte años fijado por el artículo 1864 del Código Civil (ed. 1930) para el ejercicio de la acción hipotecaria. El acreedor hipotecario está obligado a conocer la ley y sabe, por lo tanto, que si no es diligente, procediendo al cobro o a la renovación de su crédito antes de que éste sea extinguido por ministerio de la ley, el deudor tiene el derecho de pedir al Registrador que aclare su título sobre la propiedad cancelando la inscripción del gravamen ya extinguido. Véase: *Pinto* v. *Registrador,* 50 D.P.R. 662.

■ Reconoce el Registrador recurrido que el deudor de una hipoteca de más de veinte años de vencida tiene derecho a solicitar la cancelación del gravamen, pero opina que en el presente caso no procede tal cancelación por el hecho de que el acreedor original cedió el crédito hipotecario en 12 de febrero de 1920, tres años después de su vencimiento, a Luis Hernáiz Verone, a favor de quien aparece inscrito el crédito por virtud de dicha cesión; que el efecto legal de dicha cesión es el de haber acreditado en el registro la subsistencia del gravamen; y que el término de veinte años debe computarse desde la fecha de la cesión, febrero 12 de 1920, y no desde la fecha del vencimiento de la obligación, febrero 28, 1917.

Debemos sostener que es errónea la interpretación de la ley que ha hecho el recurrido. El término de veinte años

que el artículo 1864 del Código Civil concede al acreedor hipotecario para que pueda exigir por la vía judicial el pago de la obligación, sólo puede ser interrumpido por el ejercicio de una acción judicial, por reclamación extrajudical del acreedor o por cualquier acto de reconocimiento de la deuda por el deudor. Véase art. 1873, Código Civil, ed. 1930. La cesión del crédito hecha por el acreedor hipotecario a una tercera persona, sin la intervención o anuencia expresa del deudor, no puede ser considerada en manera alguna como un acto de reconocimiento de la deuda por el deudor y no puede producir el efecto de interrumpir el término legal para la prescripción de la acción hipotecaria, transcurrido el cual nace el derecho del deudor a pedir la cancelación del gravamen. Cualquiera otra interpretación haría ilusorios los estatutos referentes a la prescripción de las acciones.

*Por las razones expuestas se revoca la nota recurrida y se ordena la cancelación solicitada, libre de gastos para el recurrente. Todo sin especial condenación de costas.*