EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Distribuidores Unidos de Gas de Puerto Rico, Inc.<br><br>    Recurridos<br><br><br><br>             v.<br><br>Sucesión de Carlos Manuel Declet Meléndez y Gloria Jiménez Vega, compuesta por sus hijos, Carlos Antonio Declet Jiménez, Carlos Manuel Declet Jiménez; Fulano de Tal; Santurce Gas Company, Inc.; Carlos M. Declet Jiménez; Lydia Esther Paz Palm y la Sociedad de Gananciales compuesta por ambos<br><br>    Peticionarios | Certiorari<br><br>2016 TSPR 171<br><br>196 DPR ____ |

Número del Caso: CC-2014-1058


Fecha: 28 de julio de 2016


Tribunal de Apelaciones:

    Región Judicial de San Juan y Guayama, Panel I


Abogado de la Parte Peticionaria:

    Lcdo. Manuel Fernández Mejías


Abogado de la Parte Recurrida:

    Lcdo. José R. Gómez Alegría



Materia: Derecho Registral Inmobiliario- El término para ejercer la acción hipotecaria, en lo concerniente a los pagarés hipotecarios vencederos a la presentación, es susceptible de ser interrumpido extraregistralmente con la interposición de una demanda.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Distribuidores Unidos de Gas de Puerto Rico, Inc.<br><br>    Recurridos<br><br>       v.<br><br>Sucesión de Carlos Manuel Declet Meléndez y Gloria Jiménez Vega, compuesta por sus hijos, Carlos Antonio Declet Jiménez, Carlos Manuel Declet Jiménez; Fulano de Tal; Santurce Gas Company, Inc.; Carlos M. Declet Jiménez; Lydia Esther Paz Palm y la Sociedad de Gananciales compuesta por ambos<br><br>    Peticionarios | CC-2014-1058 | *Certiorari* |

Opinión del Tribunal emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 28 de julio de 2016.

Mediante la expedición del recurso de *certiorari* ante nuestra consideración, procedemos a resolver si el término prescriptivo para ejercer la acción hipotecaria - en lo concerniente a los pagarés hipotecarios vencederos a la presentación- es susceptible de ser interrumpido extrarregistralmente o si, por el contrario, las formas de interrupción que emanan del Art. 1873 de nuestro Código Civil, *infra*, deben constar en el Registro de la Propiedad para que surta efecto la paralización. En particular, hoy debemos determinar el efecto de la

interposición de una demanda enmendada sobre el plazo prescriptivo de la acción hipotecaria en cuestión.

Trabada la controversia en esos términos, pasemos a exponer los antecedentes fácticos y el intrincado trámite procesal que caracteriza el caso ante nos. Veamos.

I

Con el fin de asegurar la suma de $130,000 que adeudaban a Distribuidores Unidos de Gas de Puerto Rico, Inc. (Distribuidores o recurridos) por concepto de compra de gas fluido, el 20 de abril de 1990, los esposos Carlos M. Declet Meléndez y Gloria Jiménez Vega suscribieron tres pagarés hipotecarios vencederos a la presentación. En específico, el Pagaré Núm. 1 fue otorgado por la cantidad de $50,000; el Pagaré Núm. 2 por la cantidad de $30,000, y el Pagaré Núm. 3 por la suma de $50,000.[1] Cada uno de estos pagarés hipotecarios se aseguró con sendas hipotecas voluntarias constituidas sobre diversas propiedades de las cuales el referido matrimonio figuraba como titular registral. Cumplidos los requisitos de rigor, el 22 de mayo de 1990, tanto la hipoteca que garantiza el Pagaré Núm. 2 como aquella que asegura el Pagaré Núm. 3 se inscribieron en el Registro de la Propiedad (Registro). En cambio, la hipoteca que

---

[1]Todos los pagarés hipotecarios fueron pactados al 12% de interés anual. Además, para cada uno de los pagarés se acordó el pago de costas, gastos y honorarios de abogado, en caso de reclamación judicial.

garantiza el Pagaré Núm. 1 fue inscrita el 7 de mayo de 1992.

Posteriormente, los referidos pagarés hipotecarios se extraviaron, por lo que Distribuidores presentó tres demandas de sustitución de pagarés ante el Tribunal de Primera Instancia.[2] En lo que respecta al trámite judicial relacionado al Pagaré Núm. 1 y al Pagaré Núm. 2, los esposos Declet Meléndez y Jiménez Vega se allanaron a que se dictara sentencia, en aras de sustituir los pagarés por otros de igual valor y condiciones. Así las cosas, y en lo concerniente a estos dos pagarés, el foro primario emitió dictámenes el 23 de marzo de 2006 y el 12 de marzo de 2009, mediante los cuales ordenó la sustitución de los mismos.

No obstante, el **19 de junio de 2009**, en espera de adjudicación del caso de sustitución del Pagaré Núm. 3,[3] Distribuidores presentó una demanda en cobro de dinero contra los esposos Declet Meléndez y Jiménez Vega. En ésta, solicitó el pago de $148,809.45 por concepto de venta de gas fluido, más intereses, costas y honorarios de abogado. Alegó que la deuda estaba vencida, que era

---

[2]La demanda de sustitución de pagaré extraviado relacionada al Pagaré Núm. 1 se presentó el 18 de agosto de 2006; la del Pagaré Núm. 2 se instó el 16 de septiembre de 2002; y la vinculada al Pagaré Núm. 3 el 15 de agosto de 2006.

[3]Los peticionarios presentaron su contestación a la demanda de sustitución del Pagaré Núm. 3 el 6 de febrero de 2007. En ésta, aceptaron que Distribuidores tenía derecho a la sustitución del pagaré extraviado.

líquida y exigible y que no había sido pagada, a pesar de las gestiones de cobro realizadas.

Entretanto, el 4 de agosto de 2010, los herederos de los esposos Declet Meléndez y Jiménez Vega suscribieron una instancia ante notario, mediante la cual solicitaron al Registro la cancelación de la hipoteca que asegura el Pagaré Núm. 3. Amparados en los Arts. 145 y 180 de la *Ley Hipotecaria y del Registro de la Propiedad* (Ley Hipotecaria), 30 LPRA secs. 2469 y 2576, y en la jurisprudencia aplicable, plantearon que la hipoteca estaba prescrita ya que habían transcurrido 20 años desde su constitución. De esta forma, el 12 de agosto de 2010, los herederos presentaron la aludida instancia ante el Registro.

En el ínterin, y tras varios trámites procesales, el **3 de diciembre de 2010**, Distribuidores enmendó la demanda de cobro de dinero para acumular la causa de acción de ejecución –por la vía ordinaria– de las tres hipotecas otorgadas. En su demanda enmendada, Distribuidores incluyó como codemandados a San Juan Gas Company, Inc.[4] y a los miembros de la sucesión de los esposos Declet Meléndez y Jiménez Vega (Sucesión Declet o peticionarios). Con posterioridad, el 1 de febrero de

---

[4]De los autos se desprende que el Sr. Carlos M. Declet Meléndez era el Presidente de San Juan Gas Company, Inc.

2011, Distribuidores presentó una solicitud de anotación preventiva de demanda ante el Registro.

Al enfrentarse con la instancia de cancelación de hipoteca y la anotación preventiva de demanda, la Registradora de la Propiedad (Registradora) procedió con la calificación de los asientos, según el orden en que se presentaron en el Registro. A tales efectos, extendió una nota de cancelación de hipoteca por razón de prescripción, toda vez que habían transcurrido 20 años desde que fue constituida y en los libros del Registro no constaba la interrupción de dicho término. En consecuencia, denegó la inscripción de la anotación preventiva de demanda, al exponer que ésta no procedía debido a que la hipoteca a la cual hacía referencia había prescrito, conforme a los asientos registrales.

Cumplidos los trámites de rigor, Distribuidores instó un recurso gubernativo. En lo pertinente, señaló que la Registradora erró al entender que la hipoteca estaba prescrita y proceder a cancelarla, puesto que tras la presentación de la instancia de cancelación constaba en el Registro la solicitud de anotación preventiva de demanda en cobro de dinero y ejecución de hipoteca. Arguyó que la interposición de la demanda en el 2009, y el efecto retroactivo de la demanda enmendada presentada en el 2010, interrumpió el plazo prescriptivo que dispone la ley para la acción hipotecaria y que, por

consiguiente, la hipoteca objeto de la solicitud de cancelación no había prescrito.[5]

Visto el recurso gubernativo, este Tribunal confirmó la cancelación por prescripción de la hipoteca que asegura el Pagaré Núm. 3.[6] *Véase* Distribuidores Gas PR v. Registradora, 188 DPR 351 (2013). En atención a la naturaleza del recurso, en aquel entonces delimitamos la controversia a determinar si, al amparo del *principio de prioridad registral*, procedía la cancelación de la hipoteca por prescripción o el registro de una anotación preventiva de demanda que se presentó con posterioridad a la solicitud de cancelación de esa hipoteca. Íd., pág. 355. Luego de examinar los documentos que obraban en autos y la jurisprudencia aplicable, concluimos que el

_____

[5]Adviértase que como parte de su *Alegato*, la Registradora expresó que "[e]l autorizar la enmienda a una demanda y determinar si la enmienda es efectiva al momento de la radicación de la demanda original son asuntos que competen exclusivamente al Tribunal de Primera Instancia [...] Siendo competencia del Tribunal de Primera Instancia ante el cual se presentó la demanda, el asunto de la enmienda a la demanda y los procedimientos ulteriores que lleva a cabo la parte recurrente para hacer valer su crédito, si como resultado del proceso judicial prevalece la parte recurrente, dicho Tribunal es al que le compete ordenar la reinstalación de la hipoteca". *Véase* Distribuidores Gas PR v. Registradora, 188 DPR 351 (2013).

[6]Surge de los autos que la hipoteca que asegura el Pagaré Núm. 2 también fue cancelada por prescripción mediante instancia presentada por los peticionarios. En cuanto a la hipoteca que garantiza el Pagaré Núm. 1, los peticionarios solicitaron su cancelación, pero fue denegada. En cambio, en el caso de este pagaré se inscribió la anotación de demanda en cobro de dinero y ejecución de hipoteca presentada por Distribuidores.

término prescriptivo de la hipoteca en cuestión se había cumplido, por lo que la presentación de la instancia para solicitar la cancelación del asiento fue oportuna. Íd., pág. 365.

Conforme a la normativa pertinente, razonamos que por haber sido otorgada mediante pagarés vencederos a la presentación, la hipoteca en cuestión prescribía a los 20 años de ser constituida. Así, dictaminamos que el término aplicable a las hipotecas que garantizaban los pagarés hipotecarios objeto de la demanda de Distribuidores comenzó a transcurrir el 8 de mayo de 1990, y de no ser interrumpido oportunamente, prescribía el 8 de mayo de 2010. Íd. Consecuentemente, determinamos que la prescripción de la hipoteca y su subsecuente cancelación impedían la inscripción de la anotación preventiva de demanda presentada por Distribuidores. De esa forma, rechazamos el argumento de Distribuidores respecto a que la Registradora tenía el deber de tomar constancia de los procesos judiciales extrarregistrales.[7] Íd.

_____

[7]Nótese que desde aquel entonces se advirtió que la controversia sobre la interrupción del término prescriptivo de la acción hipotecaria y la retroactividad de la demanda enmendada, era un asunto extrarregistral de naturaleza contenciosa que debía dirimirse ante los foros judiciales y no mediante un recurso gubernativo. *Véase* Opinión de Conformidad emitida por la Juez Asociada señora Rodríguez Rodríguez en Distribuidores Gas PR v. Registradora, *supra*. Por ello, evitamos pasar juicio sobre la controversia judicial en cuanto a si la demanda enmendada presentada por Distribuidores se retrotraía a la fecha de la demanda original con el fin de interrumpir el plazo prescriptivo de la acción hipotecaria.

Mientras tanto, a la par en que se dilucidaba el recurso gubernativo, los procedimientos con respecto a las reclamaciones incoadas por Distribuidores continuaron ante el Tribunal de Primera Instancia. Así, el 23 de junio de 2011, la Sucesión Declet presentó su contestación a la demanda enmendada. En ésta, aceptó que para el 1990 adeudaba a Distribuidores la suma de $130,000 por concepto de compra de gas fluido. Reconoció la suscripción de los tres pagarés hipotecarios, así como el otorgamiento de las respectivas hipotecas. Del mismo modo, admitió que no se había efectuado la totalidad de los pagos correspondientes a la deuda reclamada y que Distribuidores había realizado gestiones de cobro. Ahora bien, planteó varias defensas afirmativas entre las que se destacan las siguientes: (1) prescripción tanto de la acción de cobro de dinero como de la acción hipotecaria, y (2) la no procedencia de la ejecución de las hipotecas, toda vez que había transcurrido el plazo prescriptivo para ejercer la acción hipotecaria y éste no había sido interrumpido ante el Registro. Por esta razón, argumentó que tanto la hipoteca que garantizaba el Pagaré Núm. 2 como la que aseguraba el Pagaré Núm. 3 fueron correctamente canceladas.

Tras varios incidentes procesales, el 11 de junio de 2012, Distribuidores presentó una solicitud de sentencia sumaria. Indicó que los peticionarios le adeudaban la suma vencida, líquida y exigible de $130,000, más los

correspondientes intereses. Además, alegó que la cancelación de las hipotecas que aseguran el Pagaré Núm. 2 y el Pagaré Núm. 3 se debió a las actuaciones indebidas de los peticionarios, ya que éstos solicitaron su cancelación a pesar de que se había interrumpido de forma extrarregistral el plazo prescriptivo de la acción hipotecaria.

Por su parte, la Sucesión se opuso a la solicitud de sentencia sumaria. En esencia, arguyó que las hipotecas que Distribuidores solicitó ejecutar fueron debidamente canceladas en el Registro. Adujo que las cancelaciones se realizaron mediando buena fe y en el ejercicio del derecho que les amparaba. Ante ello, Distribuidores replicó el escrito de oposición presentado por los peticionarios y, en lo pertinente, enfatizó en que la acción hipotecaria no estaba prescrita, pues el término prescriptivo de 20 años había sido interrumpido mediante las reclamaciones judiciales incoadas.

Evaluados los argumentos de las partes, el 22 de abril de 2013, el Tribunal de Primera Instancia emitió una Sentencia Sumaria Parcial en la cual determinó que Distribuidores paralizó adecuadamente el plazo prescriptivo para ejercer su acción de cobro de dinero relacionada a la deuda que aseguran los pagarés hipotecarios. Por tanto, decretó que los peticionarios respondían por la deuda que surge de éstos. Ahora bien, en cuanto a la acción de ejecución de hipoteca, el foro

primario destacó que el reseñado recurso gubernativo se estaba dilucidando ante este Tribunal. Así las cosas, indicó que desconocía el resultado del referido recurso, por lo que no atendió en esa etapa el reclamo de ejecución de hipoteca.

Inconforme, la Sucesión instó una *Moción de reconsideración*. En esencia, señaló que aunque no se dilucidó el planteamiento de si la enmienda a la demanda tuvo el efecto de retrotraer la acción de ejecución de hipoteca a la fecha de presentación de la demanda original, el foro judicial erró al concluir que el término prescriptivo de los tres pagarés hipotecarios fue interrumpido por actos que no constan en los libros del Registro. De igual forma, alegó que la determinación judicial era contraria a lo resuelto por este Tribunal en Distribuidores Gas PR v. Registradora, *supra*. Por su parte, Distribuidores se opuso a que se reconsiderara el dictamen y, en lo pertinente, planteó que ante la determinación de que el plazo prescriptivo se interrumpió, procedía ordenar la reinstalación de las hipotecas indebidamente canceladas en el Registro. Fundamentado en pronunciamientos jurisprudenciales, sostuvo que el plazo prescriptivo de la acción hipotecaria se interrumpió por eventos que constan fuera del Registro, en virtud de las disposiciones del Art. 1873 del Código Civil de Puerto Rico, 31 LPRA sec. 5303.

Luego de varios incidentes procesales, incluida la notificación oficial de la Opinión emitida por este Tribunal relacionada al referido recurso gubernativo,[8] el 28 de agosto de 2013, el Tribunal de Primera Instancia emitió una Resolución en la cual atendió la controversia en torno a si los actos que no constan en el Registro pueden interrumpir el término prescriptivo de la acción hipotecaria.[9] En cuanto a ello, razonó que Distribuidores presentó su demanda el 19 de junio de 2009 y aun cuando la acción de ejecución de hipoteca fue acumulada el 3 de diciembre de 2010, debido a que surge del mismo núcleo fáctico, se retrotrae al momento en que se presentó la demanda original. Por tanto, concluyó que la acción de ejecución de hipoteca se presentó antes del 8 de mayo de 2010, fecha en que este Tribunal determinó que prescribían las hipotecas. Distribuidores Gas PR v. Registradora, supra, pág. 365.

Asimismo, el foro primario expresó que la acción de los peticionarios de solicitar la cancelación de las hipotecas -a pesar de la existencia del litigio en cuestión y del pleito de sustitución del Pagaré Núm. 3- levantaba serias interrogantes en torno a la buena o mala fe de éstos. Finalmente, ordenó la celebración de una

[8]Véase Distribuidores Gas PR v. Registradora, supra.

[9]En virtud de la Regla 47 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 47, el Tribunal de Primera Instancia modificó la Sentencia Sumaria Parcial emitida el 22 de abril de 2013 para que fuera una Resolución.

vista con el fin de dirimir varios asuntos, a saber: (1) la consolidación del caso de sustitución del Pagaré Núm. 3 con el pleito original; (2) la buena o mala fe que se le puede imputar a los peticionarios, y (3) las implicaciones de reinstalar las hipotecas canceladas.

Celebrada la referida vista, y tras la interposición de varias mociones, el 26 de diciembre de 2013, el Tribunal de Primera Instancia emitió una Sentencia por medio de la cual desestimó la *totalidad* de las causas de acción de Distribuidores, incluido el pleito de sustitución del Pagaré Núm. 3. En esencia, razonó que las reclamaciones de Distribuidores estaban estrechamente vinculadas con la determinación de este Tribunal en Distribuidores Gas PR v. Registradora, *supra*, la cual, a su entender, tuvo el efecto de impedirle litigar sus causas de acción. En ese sentido, concluyó que la Opinión emitida por este Tribunal constituía impedimento colateral por sentencia en el caso ante sí. Oportunamente, Distribuidores solicitó reconsideración, pero fue denegada.

En desacuerdo, Distribuidores recurrió ante el Tribunal de Apelaciones. Examinado el caso, el 31 de octubre de 2014, el foro apelativo intermedio dictó una Sentencia mediante la cual revocó la determinación recurrida. Sostuvo que la Sentencia Sumaria Parcial emitida por el foro primario el 22 de abril de 2013 -la cual resuelve que se interrumpió adecuadamente el término

prescriptivo para la acción de cobro de dinero- se sostiene, toda vez que advino final y firme. Fundamentándose en ello, concluyó que la acción hipotecaria también quedó interrumpida por motivo del efecto retroactivo de la demanda enmendada, por lo que el derecho de hipoteca continuaba vigente. A esos efectos, ordenó al Registro levantar el asiento de cancelación de hipoteca y, por consiguiente, reinstalar la hipoteca que asegura el Pagaré Núm. 3. A su vez, le ordenó hacer constar, mediante el asiento correspondiente, la anotación preventiva de demanda presentada por Distribuidores.

Inconforme con ese proceder, los peticionarios acudieron ante este Tribunal mediante recurso de *certiorari*. Esencialmente, señalan que el Tribunal de Apelaciones incidió al realizar lo siguiente: (1) determinar que el plazo prescriptivo de un pagaré hipotecario vencedero a la presentación puede ser interrumpido por eventos que no constan en los libros del Registro; y (2) ordenar la reinstalación y vigencia de la hipoteca que asegura el Pagaré Núm. 3. En su comparecencia, los peticionarios argumentan que para que se interrumpa el periodo prescriptivo de 20 años de la acción hipotecaria, la existencia de la demanda de ejecución de hipoteca o cualquier acto de reconocimiento de deuda por parte del deudor o interpelación extrajudicial del acreedor, debe constar expresa y

fehacientemente en el Registro. En ese sentido, plantean que no basta la existencia de actos extrarregistrales.

De igual forma, los peticionarios aducen que la Opinión emitida por este Tribunal en Distribuidores Gas PR v. Registradora, *supra*, afirma que al no existir evidencia en el Registro sobre la interrupción del término prescriptivo de la acción hipotecaria, opera una caducidad *ipso iure* del asiento registral, de suerte que se extingue la hipoteca una vez transcurrido el plazo aplicable. Finalmente, esbozan las posibles repercusiones que tendría ordenar la reinstalación de la hipoteca cancelada; esto, en cuanto a la figura del tercero registral, los rangos ante el Registro de posteriores acreedores hipotecarios y el principio de publicidad registral.

Examinado el recurso presentado, el 27 de marzo de 2015, emitimos una Resolución mediante la cual le ordenamos a Distribuidores que mostrara causa por la cual no debíamos revocar la Sentencia dictada por el Tribunal de Apelaciones. Oportunamente, Distribuidores compareció mediante un escrito intitulado *Alegato de la parte recurrida*.

En éste, argumenta que el Tribunal de Apelaciones actuó correctamente al determinar que lo resuelto en Distribuidores Gas PR v. Registradora, *supra*, no constituye impedimento colateral por sentencia, a fin de resolver si se interrumpió adecuadamente el plazo

prescriptivo de la acción hipotecaria. En ese sentido, Distribuidores sostiene que conforme al Art. 1873 de nuestro Código Civil, 31 LPRA sec. 5303, el término prescriptivo de la acción hipotecaria -relacionada a pagarés hipotecarios vencederos a la presentación- puede interrumpirse fuera de los libros del Registro. De esta forma, alega que el periodo prescriptivo tanto de la acción personal como de la acción hipotecaria fue interrumpido mediante la oportuna presentación de las acciones judiciales contra los peticionarios. Aduce que la demanda enmendada tuvo el efecto de retrotraerse a la fecha de la demanda original, cuya presentación fue dentro del término de 20 años para ejercer la acción hipotecaria. Además, reitera que los peticionarios actuaron contrario a la buena fe al solicitar la cancelación de las hipotecas cuando conocían de la existencia del pleito judicial.

Expedido el recurso de *certiorari*, y con el beneficio de la comparecencia de las partes involucradas, estamos en posición de adjudicar la controversia ante nos.

## II

Con el fin de resolver el caso ante nuestra consideración, corresponde examinar la normativa estatutaria y jurisprudencial aplicable. Procedemos.

Sabido es que en nuestro ordenamiento jurídico la hipoteca se concibe como un derecho real, de naturaleza

accesoria e indivisible, y de constitución registral. Westernbank v. Registradora, 174 DPR 779, 784 (2008) (*Per Curiam*); *véase*, además, L.R. Rivera Rivera, Derecho Registral Inmobiliario puertorriqueño, 3ra ed., San Juan, Jurídica Editores, 2012, pág. 485. Ésta garantiza una obligación pecuniaria y recae directamente sobre bienes inmuebles, ajenos y enajenables, que permanecen en la posesión del propietario o titular. Westernbank v. Registradora, *supra*, pág. 784; *véase*, además, J.M. Chico y Ortiz, Estudios sobre Derecho Hipotecario, 3ra ed., Madrid, Ed. Marcial Pons, 1994, T. II, pág. 1282. Es norma claramente establecida que la constitución de las hipotecas depende de varios requisitos esenciales, a saber: (1) que se establezca para asegurar el cumplimiento de una obligación principal; (2) que la cosa hipotecada pertenezca en propiedad a la persona que la hipoteca, y (3) que las personas que constituyan la hipoteca tengan libre disposición de sus bienes o, en caso de no tenerla, se hallen legalmente autorizados al efecto. 31 LPRA sec. 5001. De igual forma, es indispensable que la hipoteca conste en escritura pública y se inscriba en el Registro. 31 LPRA sec. 5042; *véanse*, además, Westernbank v. Registradora, *supra*, pág. 784; Bco. Central Corp. v. Yauco Homes, Inc., 135 DPR 858 (1994). La inscripción es el acto constitutivo que produce la garantía del crédito con efectos reales y, al mismo tiempo, promulga su eficacia *erga omnes*. A.C. Gómez

Pérez y otros, *Derecho Registral Inmobiliario*, 83 Rev. Jur. UPR 879, 882 (2014).

Debido a su carácter accesorio, la hipoteca no es independiente de la vigencia de la obligación principal. Westernbank v. Registradora, *supra*, págs. 784-785; *véase*, además, Rivera Rivera, *op. cit.*, pág. 488. En ese sentido, está sujeta a la obligación principal en su existencia y extinción. En otras palabras, la hipoteca subsiste mientras tenga vigencia el crédito garantizado, por lo que se extingue en todo caso que se extinga la obligación principal que garantiza. Westernbank v. Registradora, *supra*, pág. 785; *véase*, además, Rivera Rivera, *op. cit.*, págs. 488 y 514.

A tono con lo anterior, surge de la doctrina jurídica que las causas de extinción de las hipotecas pueden ser de variada índole. En lo que respecta al caso ante nos, una de las formas de extinción ocurre debido a la prescripción[10] o la inacción del titular del crédito

---

[10]Como es conocido, la prescripción extintiva es una figura de naturaleza sustantiva que se rige por las disposiciones del Código Civil. Fraguada Bonilla v. Hosp. Aux. Mutuo, 186 DPR 365, 373 (2012); SLG Serrano-Báez v. Foot Locker, 182 DPR 824, 831 (2011); COSSEC *et al.* v. González López *et al.*, 179 DPR 793, 805 (2010). Esta figura jurídica denota la extinción de un derecho o la liberación de una obligación por motivo de la inercia de una parte en ejercerlo durante un tiempo determinado. Orraca López v. ELA y otros, 192 DPR 31, 49 (2014); Fraguada Bonilla v. Hosp. Aux. Mutuo, *supra*, págs. 372-373; *véase*, además, M.J. Argañarás, La prescripción extintiva, Buenos Aires, TEA, 1966, pág. 12. Su objetivo es evitar la incertidumbre en las relaciones jurídicas, castigar la inercia en el ejercicio de los derechos y estimular el ejercicio rápido de las acciones. Fraguada

hipotecario en el término determinado en ley. *Chico y Ortiz, op. cit.,* pág. 1703. Sobre el particular, el Art. 180 de la Ley Hipotecaria dispone que la acción hipotecaria tiene un plazo prescriptivo de 20 años, contados a partir del día en que pueda ejercitarse la acción con arreglo al título inscrito. 30 LPRA sec. 2576. De forma similar, el Art. 1864 del Código Civil establece que la acción hipotecaria prescribe a los 20 años.[11] 31 LPRA sec. 5294. Se ha aclarado que el *día en que pueda ejercitarse la acción* se refiere al momento del vencimiento del crédito, según pactado en el título. Westernbank v. Registradora, 188 DPR 779, 788 (2008); *véanse*, además, Chico y Ortiz, *op. cit.,* pág. 1705; Rivera Rivera, *op. cit.,* pág. 515.

**A.**

Por tratarse de lo que concierne directamente a la controversia de autos, es pertinente indicar que entre las disposiciones de la Ley Núm. 208-1995 (Ley Núm. 208) -conocida como *Ley de Instrumentos Negociables*, 19 LPRA sec. 501 *et seq.*- se define *instrumento negociable* como una promesa u orden incondicional de pago de una cantidad

---

Bonilla v. Hosp. Aux. Mutuo, *supra*, pág. 373; COSSEC *et al.* v. González López *et al.*, *supra*, pág. 806; Campos v. Cía. Fom. Ind., 153 DPR 137, 143 (2001). De igual forma, promueve la seguridad en el tráfico jurídico y otorga estabilidad de las relaciones jurídicas. Fraguada Bonilla v. Hosp. Aux. Mutuo, *supra*, pág. 373.

[11]Con relación a la manera en que pueden cancelarse en el Registro las hipotecas prescritas, véase el Art. 145 de la Ley Hipotecaria, 30 LPRA sec. 2469.

específica de dinero si: (1) es pagadero al portador o a la orden; o (2) si es pagadero a la presentación o en una fecha específica. 19 LPRA sec. 504. De esta forma, se puede apreciar que la Ley Núm. 208 provee distintos tipos de pagarés, dependiendo del momento cuando resultan exigibles y de la forma en que se suscriben.

En lo que atañe a este caso, el Art. 2-108 de la Ley Núm. 208 define los llamados *pagarés vencederos a la presentación*. 19 LPRA sec. 508. En cuanto a ello, precisa que un instrumento es pagadero a la presentación cuando así se define o cuando no se especifica ninguna fecha de pago. 19 LPRA sec. 508(a). Esto es, este tipo de pagarés no incluye una fecha de pago o, mejor dicho, no contiene una fecha cierta de vencimiento. Westernbank v. Registradora, *supra*, pág. 786. Así, se consideran vencidos en el momento en que su tenedor exige el pago de la obligación. Íd.

Con relación al periodo prescriptivo para exigir el cumplimiento de los pagarés hipotecarios vencederos a la presentación, el Art. 2-118(h) de la Ley Núm. 208 indica expresamente lo siguiente:

> Independiente de cualquier disposición en contrario aquí contenida, una acción para exigir el cumplimiento de una obligación de una parte de pagar un pagaré garantizado por una hipoteca sobre bienes inmuebles, y todo interés devengado por tal obligación, deberá iniciarse dentro del término dispuesto por la sec. 5294 del título 31 para el ejercicio de la acción hipotecaria. 19 LPRA sec. 518(h).

Como vimos, el citado Art. 1864 del Código Civil de Puerto Rico dispone el periodo prescriptivo de 20 años para ejercer la acción hipotecaria respecto a las hipotecas con fecha de vencimiento. 31 LPRA sec. 5294. Por tanto, y en virtud de la Ley Núm. 208, la acción para exigir el cumplimiento de los pagarés hipotecarios vencederos a la presentación también prescribe a los 20 años. A esos efectos, de la Ley Núm. 208 se colige con meridiana claridad que el crédito evidenciado en un pagaré hipotecario vencedero a la presentación puede ser exigible en cualquier momento, pero nunca en exceso del término de 20 años. Westernbank v. Registradora, *supra*, pág. 787.

En el caso Westernbank v. Registradora, *supra*, este Tribunal tuvo ocasión para determinar cuándo comienza a transcurrir el periodo prescriptivo para exigir el cumplimiento de un pagaré hipotecario vencedero a la presentación. Allí, concluimos que el término de 20 años comienza a transcurrir desde el momento de inscripción de la hipoteca. Íd., pág. 788. Es decir, un pagaré hipotecario vencedero a la presentación pierde su vigencia por efecto de la prescripción luego de transcurrido un término *ininterrumpido* de 20 años desde que la hipoteca se inscribe en el Registro. Íd., págs. 788-789.

**B.**

Examinado el plazo prescriptivo de la acción hipotecaria -tanto de la hipoteca con fecha de vencimiento como de los pagarés hipotecarios vencederos a la presentación-, procede preguntarse si éste admite interrupción. Cónsono con lo dispuesto en el Art. 1873 de nuestro Código Civil -del cual surgen los supuestos que interrumpen la prescripción de las acciones-,[12] este Tribunal resolvió que el término prescriptivo de 20 años que se le concede al acreedor hipotecario para que exija por la vía judicial el pago de la obligación, puede ser interrumpido por el ejercicio de una acción judicial, por reclamación extrajudicial del acreedor o por cualquier acto de reconocimiento por parte del deudor. Soto v. Registrador, 51 DPR 236, 239-240 (1937); *véase*, además, Vda. de Carlo v. Toro, 99 DPR 200, 207 (1970).

En ocasión de determinar si se interrumpió el término prescriptivo de una *hipoteca con fecha de vencimiento*, *basado principalmente en dos actos de reconocimiento de deuda por parte del deudor que* **constaban** *en los libros del Registro*, en el caso Vda. de Carlo v. Toro, *supra*, este Tribunal aclaró que las formas de paralización que surgen del Art. 1873 aplican a las

_____

[12]Específicamente, el Art. 1873 del Código Civil dispone que "[l]a prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor". 31 LPRA sec. 5303.

obligaciones que constan en el Registro. Íd., pág. 223.

En aquel entonces se enfatizó en que de existir una excepción a tales fines, prácticamente equivaldría a dejar fuera de las causas interruptoras dispuestas en el Art. 1873 a las obligaciones inscritas, especialmente las hipotecarias. Íd. Esto es, quedarían limitadas esas causas interruptoras a las obligaciones contraídas oralmente o mediante documentos privados. Íd. Por tanto, este Tribunal no dio paso a excluir de los supuestos interruptores del Art. 1873 a las obligaciones hipotecarias. No obstante, y debido al hecho de que en el citado caso **el reconocimiento de deuda aparecía acreditado en el Registro**, este Tribunal no aclaró si las formas de interrupción que surgen del Art. 1873 del Código Civil deben constar en el Registro para que sea efectiva la paralización del periodo prescriptivo en cuestión o si éste puede ser interrumpido extrarregistralmente.

Cabe destacar que reconocidos tratadistas también han abordado el tema del plazo prescriptivo de la acción hipotecaria y su interrupción por motivo de los supuestos que surgen del Código Civil. *Véase* Chico y Ortiz, *op. cit.*, págs. 1705-1706. Éstos parten de la premisa jurídica de que el término prescriptivo de la acción hipotecaria, como todo otro plazo de esa índole, admite su efectiva y oportuna interrupción. Sobre el particular, algunos tratadistas han sostenido que:

> En rigor, es en la relación compleja crédito-hipotecario donde opera propiamente la prescripción extintiva de la acción hipotecaria, por cuya razón hay que estimar que se trata aquí de una extinción de la acción hipotecaria por falta de ejercicio de la pretensión de realización del valor dinerario del bien hipotecado, o sea, la decadencia del derecho de realización del valor, o *ius distrahendi*, por causa debida a la inercia del acreedor hipotecario, pero a base de que esta prescripción **pueda interrumpirse** en los casos previstos por los arts. 1.973 y siguientes, aplicables, del Código Civil. R.M. Roca Sastre y otros, <u>Derecho Hipotecario</u>, 9na ed., Barcelona, Editorial Bosch, 2008, T. X, págs. 582-583. (Énfasis suplido).

En armonía con lo anterior, estudiosos sobre el tema han señalado que la acción hipotecaria es de naturaleza prescriptiva y, por tanto, susceptible de interrumpirse **extrarregistralmente**. Gómez Pérez y otros, *supra*, págs. 884 y 886. Para ilustrarlo, éstos plantean que se puede interrumpir la prescripción del crédito hipotecario mediante lo siguiente: (1) renovación de las escrituras de préstamo hipotecario; (2) prórroga del plazo de devolución del préstamo; (3) pago de parte del capital de la deuda; (4) abono de intereses; (5) el envío de carta de requerimiento de pago; o (6) cualquier otra acción judicial o extrajudicial compatible con dicho requerimiento. Roca Sastre y otros, *op. cit.*, T. X, pág. 588; Gómez Pérez y otros, *supra*, pág. 884. La razón de ello es que del precitado Art. 1873 no se desprende que las formas interruptoras de las acciones deban constar en el Registro para que surtan efecto. Nótese que el texto claro del Art. 1873 no impone tal requisito. Adviértase

que tampoco surge esa exigencia de la copiosa doctrina jurídica sobre el tema. *Véanse* S. Rubio Liniers, La prescripción extintiva del crédito hipotecario, en *Revista crítica de Derecho Inmobiliario*, Núm. 527, 1978, págs. 959-962; L. Rodríguez Otero, <u>Instituciones de Derecho Hipotecario</u>, Madrid, DIJUSA, 2007, T. III, págs. 488-495; Roca Sastre y otros, *op. cit.*, T. X, págs. 581-590; Chico y Ortiz, *op. cit.* págs. 1703-1706; Rivera Rivera, *op. cit.*, págs. 514-516.

Por su parte, y en consideración a la naturaleza sustantiva de la prescripción, conviene destacar que reconocidos tratadistas afirman que el Registrador, dentro del marco de sus funciones, carece de datos suficientes para apreciar si la prescripción del derecho inscrito se ha consumado o si se ha producido algún hecho interruptor. Al amparo de ese raciocinio, plantean que la complejidad propia del fenómeno prescriptivo escapa del poder calificador del Registrador, siendo ésta **función propia de los tribunales.** Roca Sastre y otros, *op. cit.*, T. X, pág. 589. Ello lleva a concluir que la determinación en cuanto a si se interrumpió efectivamente el plazo prescriptivo de la acción hipotecaria es un asunto contencioso que le incumbe *exclusivamente* a los foros judiciales. Rubio Liniers, *op. cit.*, pág. 962; Chico y Ortiz, *op. cit.*, pág. 1706; Gómez Pérez y otros, *supra*, pág. 886.

**III**

Cónsono con la controversia ante nuestra consideración, resulta indispensable traer a colación que al amparo de la Regla 13.1 de Procedimiento Civil, se permite que cualquier parte en un proceso judicial enmiende sus alegaciones, sin permiso del tribunal, antes de que se le notifique una alegación responsiva. *Véase* Regla 13.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 13.1. En caso de que la alegación sea de las que no admite alegación responsiva y el pleito no haya sido señalado para juicio, ésta podrá enmendarse dentro de los 20 días de haber sido notificada. Íd. En cualquier otro escenario, las partes podrán enmendar sus alegaciones únicamente con el permiso del tribunal o mediante el consentimiento escrito de la parte contraria.[13] Íd.

En síntesis, la Regla 13.1 permite a una parte enmendar sus alegaciones cuando por alguna razón válida en derecho ha omitido algo en éstas. J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., San Juan, Publicaciones JTS, 2011, T. II, pág. 591. Así, las

---

[13]Este Tribunal ha resuelto que al momento de determinar si se conceden o no las enmiendas a las alegaciones, los foros judiciales deben ejercer su facultad liberalmente. 32 LPRA Ap. V, R. 13.1; *véase*, además, SLG Font Bardón v. Mini-Warehouse, 179 DPR 322, 334 (2010). Ello, pues el poder de los tribunales para permitir enmiendas a las alegaciones es amplio y, por ende, tiene que demostrarse un claro abuso de discreción o perjuicio manifiesto a la parte contraria para que se revoque su actuación. SLG Font Bardón v. Mini-Warehouse, *supra*; Neca Mortg. Corp. v. A & W Dev. SE, 137 DPR 860, 868 (1995).

enmiendas pueden ampliar las causas de acción expuestas en la demanda original o pueden añadir una o más causas de acción. Ortiz v. R & R Motors Sales Corp., 131 DPR 829, 837(1992). De igual forma, las enmiendas también son permitidas para clarificar o ampliar una defensa previamente interpuesta. Vélez Cortés v. Baxter, 179 DPR 455, 465 n. 9 (2010); Srio. del Trabajo v. JC Penney Co., Inc., 119 DPR 660 (1987); *véase*, además, Cuevas Segarra *op. cit*., pág. 591.

En lo pertinente al caso de autos, es doctrina reiterada que, de ordinario, las enmiendas realizadas a una demanda se retrotraen a la fecha de presentación de ésta. No obstante, para que las enmiendas se retrotraigan, la nueva reclamación o defensas de la alegación enmendada deben surgir de la misma conducta, acto, omisión o evento expuesto en la alegación original. Regla 13.3 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 13.3; *véanse*, además, Arce Brucetta v. Motorola, 173 DPR 516, 537 (2008); Ortiz v. R & R Motors Sales Corp., *supra*, pág. 837; Cuevas Segarra *op. cit*., pág. 614. Adviértase que si ello ocurre, las enmiendas se retrotraen a la fecha de presentación de la demanda original, sin importar que éstas se realicen pasado el término prescriptivo. Cuevas Segarra *op. cit*., pág. 614.

En consecuencia, este Tribunal ha resuelto que si la demanda original se presentó dentro del periodo prescriptivo correspondiente, las enmiendas también

estarán en tiempo. Ortiz v. R & R Motors Sales Corp., *supra*, pág. 837; *véase*, además, Cuevas Segarra *op. cit.*, pág. 614. Ello significa que no surgirá problema en cuanto a la prescripción, independientemente de cuándo se hayan presentado las respectivas enmiendas. Íd.

**IV**

En fin, es oportuno recordar que en nuestra jurisdicción el Registro asegura el tráfico de los diversos negocios y actos jurídicos. Sánchez Díaz *et al.* v. ELA, 181 DPR 810, 830 (2011). En otras palabras, su objetivo es salvaguardar la certeza del tráfico económico inmobiliario. Distribuidores Gas PR v. Registradora, *supra*, pág. 359. Tal propósito se logra mediante la publicidad ante terceros de aquellos derechos que constan inscritos. En materia de derecho inmobiliario, sabemos que la calificación constituye la facultad por excelencia del Registrador para examinar y comprobar la legalidad de los documentos sometidos a su atención, a los fines de que solo ingresen al Registro títulos válidos y perfectos. Santiago v. ELA, 163 DPR 149, 158 (2004); R & G Premier Bank PR v. Registradora, 158 DPR 241, 246 (2002). Sin duda, esta función es cónsona con el interés de salvaguardar la certeza del tráfico jurídico de los bienes inmuebles mediante la constancia clara en el Registro. Distribuidores Gas PR v. Registradora, *supra*, pág. 361.

Ahora bien, el Art. 110 de la Ley Hipotecaria contempla la posibilidad de que existan inexactitudes en el Registro. En este contexto, la *inexactitud* es definida como "todo desacuerdo que en orden a los derechos inscribibles exista entre [el Registro] y **la realidad jurídica extrarregistral**". 30 LPRA sec. 2360. (Énfasis suplido). Reconocidos tratadistas explican que hay inexactitud cuando el Registro expresa una situación jurídica que en la realidad jurídica extrarregistral es otra; cuando ello ocurre, no existe concordancia, armonía, acuerdo, coincidencia o paralelismo entre el contenido de los libros registrales y el verdadero estado jurídico del dominio de inmuebles o derechos reales inmobiliarios inscritos. Roca Sastre y otros, *op. cit.*, T. IV, pág. 11. De ordinario, ante una inexactitud registral el remedio es la rectificación de los correspondientes libros.

Cabe señalar que en nuestra jurisdicción la rectificación del Registro puede ser solicitada por el titular del dominio o derecho real que no esté inscrito, que lo esté erróneamente, o que resulte lesionado por el asiento inexacto.[14] 30 LPRA sec. 2360. El efecto inmediato de la rectificación de la inexactitud del Registro es provocar el respectivo asiento de inscripción,

---

[14]Para conocer en detalle las maneras en que las inexactitudes del Registro pueden ser rectificadas, véase el Art. 110 de la Ley Hipotecaria, 30 LPRA sec. 2360.

cancelación o de otra clase, corrector de tal inexactitud en el lugar correspondiente de los libros registrales. Roca Sastre y otros, *op. cit.*, T. IV, pág. 27.

Es menester puntualizar que el Art. 110 de la Ley Hipotecaria enfatiza que la rectificación del Registro no perjudicará los derechos legítimamente adquiridos por un tercero que reúna las condiciones fijadas en nuestro ordenamiento. 30 LPRA sec. 2360. Por ello, es lógico que la persona interesada en que no prevalezca el contenido registral inexacto pueda obtener la rectificación o corrección del Registro, poniéndolo de acuerdo con la realidad jurídica mediante la efectuación de las correspondientes operaciones en los libros registrales. Roca Sastre y otros, *op. cit.*, T. IV, pág. 17.

Examinada la doctrina jurídica pertinente, estamos en posición de resolver la controversia que nos ocupa. Procedemos.

**V**

Conforme adelantáramos, este caso requiere que resolvamos si el plazo prescriptivo para ejercer la acción hipotecaria —en lo que atañe a los pagarés hipotecarios vencederos a la presentación— es susceptible de interrumpirse extrarregistralmente o si, por el contrario, esa interrupción debe constar en el Registro para que surta efecto. Como indicamos, esta determinación le compete exclusivamente a los tribunales. Recapitulemos

sucintamente los hechos que nos auxiliarán a resolver esta controversia.

Surge de los autos que Distribuidores presentó una demanda en cobro de dinero contra los peticionarios para reclamar la suma adeudada por concepto de venta de gas fluido. La demanda en cuestión fue instada dentro del término prescriptivo de 20 años para ejercer la acción relacionada a los pagarés hipotecarios vencederos a la presentación. En medio de los trámites procesales, los peticionarios solicitaron la cancelación de las hipotecas que aseguraban los pagarés que suscribieron para garantizar su deuda con Distribuidores. Posteriormente, -vencido el plazo de 20 años- Distribuidores enmendó su demanda para incluir la causa de acción de ejecución de hipoteca y solicitó la correspondiente anotación preventiva de demanda en el Registro. Enfrentada con la solicitud de cancelación de hipotecas y la anotación preventiva de demanda, la Registradora calificó los asientos según el orden de presentación. Por ende, canceló la hipoteca que aseguraba uno de los pagarés. Esta acción fue confirmada por este Tribunal. En el ínterin, otra de las hipotecas que aseguraba uno de los pagarés también fue cancelada.

Tras múltiples incidentes procesales, el Tribunal de Primera Instancia desestimó todas las causas de acción de Distribuidores. Concluyó que la Opinión emitida por este Tribunal en Distribuidores Gas PR v. Registradora, *supra*,

constituía impedimento colateral por sentencia en el caso ante sí, por lo que Distribuidores estaba impedido de litigar sus causas de acción. Inconforme, Distribuidores recurrió ante el Tribunal de Apelaciones. Evaluado el caso, el foro apelativo intermedio revocó la determinación recurrida al razonar que la acción hipotecaria se interrumpió como resultado del efecto retroactivo de la demanda enmendada, por lo que el derecho de hipoteca continuaba vigente. Por consiguiente, ordenó la reinstalación de la hipoteca que asegura el Pagaré Núm. 3. Además, requirió que se hiciera constar la anotación preventiva de demanda presentada por Distribuidores.

En disconformidad, los peticionarios acuden ante este Tribunal. En esencia, aducen que el plazo prescriptivo de un pagaré hipotecario vencedero a la presentación no puede interrumpirse por eventos que no constan en el Registro. Argumentan que para interrumpir efectivamente ese periodo prescriptivo, las formas de paralización dispuestas en el Código Civil deben constar expresa y fehacientemente en el Registro. Por ello, plantean que no es suficiente con la existencia de actos extrarregistrales.

Por su parte, Distribuidores sostiene que, conforme al citado Art. 1873, el periodo prescriptivo de los pagarés hipotecarios vencederos a la presentación puede interrumpirse fuera de los libros del Registro. A base

de ello, arguye que el periodo prescriptivo tanto de la acción personal como de la acción hipotecaria fue interrumpido mediante la oportuna presentación de las acciones judiciales contra los peticionarios. Alega que la demanda enmendada se retrotrajo a la presentación de la demanda original, la cual se instó dentro del término de 20 años para ejercer la acción hipotecaria en cuestión.

Ponderados los argumentos de las partes involucradas, conjuntamente con la normativa jurídica aplicable, resolvemos que le asiste la razón a Distribuidores. Ello, toda vez que nuestro estado de derecho reconoce la posibilidad de que el plazo prescriptivo para ejercer la acción hipotecaria respecto a los pagarés hipotecarios vencederos a la presentación se interrumpa, sin que tenga que existir constancia en el Registro que evidencie la interrupción. Veamos.

Como se expuso, Distribuidores presentó su demanda original en cobro de dinero *dentro* del periodo dispuesto para ejercer la acción hipotecaria. Posteriormente, enmendó su alegación para acumular la acción de ejecución de hipoteca. En vista de que la nueva reclamación surge del mismo núcleo fáctico expuesto en la alegación original, ésta tuvo el efecto de retrotraerse a la presentación de la demanda original. Ello lleva a la inexorable conclusión de que la acción hipotecaria también se presentó dentro del término prescriptivo

dispuesto en nuestro ordenamiento. Por ende, a todas luces se configuró uno de los supuestos que interrumpen la prescripción de las acciones, a saber: la interposición de una acción judicial por parte del acreedor.

No obstante, los peticionarios alegan que esas formas de paralización deben constar en el Registro. No nos persuade su argumento. Como se pudo apreciar, la copiosa doctrina jurídica sobre el tema no apoya sus planteamientos. Tampoco se desprende tal requisito de nuestro Código Civil o del marco jurídico aplicable.

Así las cosas, determinamos que el plazo vigesimal para ejercer la acción hipotecaria —en lo concerniente a los pagarés hipotecarios vencederos a la presentación— no está exceptuado de la premisa que establece que toda acción sujeta a un término de prescripción admite que el mismo sea interrumpido. Esto, sin que tenga que existir constancia en el Registro de tal interrupción. En vista de ello, resolvemos que Distribuidores interrumpió oportunamente tanto la acción personal como la acción hipotecaria. En ese sentido, jamás llegó a cumplirse, consumarse o a producirse en su integridad la prescripción extintiva del crédito hipotecario. Actuó correctamente el Tribunal de Apelaciones al así dictaminarlo.

Ahora bien, lo anterior no dispone de la totalidad de la controversia que nos ocupa. Ello, pues las

hipotecas que aseguran el Pagaré Núm. 2 y el Pagaré Núm. 3 fueron canceladas en el Registro bajo la creencia de que estaban prescritas y al amparo del principio de prioridad registral. Resuelto que, en efecto, Distribuidores interrumpió el plazo prescriptivo de la acción hipotecaria, es forzoso concluir que los referidos créditos hipotecarios continúan vigentes. Por tanto, existe una inexactitud en el contenido del Registro que amerita ser rectificada, ya que la subsistencia o permanencia del estado de inexactitud constituye un grave peligro para la certeza del tráfico económico inmobiliario. *Véase* Roca Sastre y otros, *op. cit.*, T. IV, pág. 16.

Ante esa realidad, ordenamos que se levanten los asientos de cancelación extendidos y, por consiguiente, se reinstalen en el Registro los gravámenes hipotecarios relacionados al Pagaré Núm. 2 y al Pagaré Núm. 3.[15] De esta forma, la realidad extrarregistral del derecho en cuestión, se hará constar mediante la anotación correspondiente. Adviértase que lo aquí resuelto no constituye un cuestionamiento al desempeño de las funciones del Registrador concernido ni a los pronunciamientos emitidos en Distribuidores Gas PR v. Registradora, *supra*, pues de lo que se trata es de un

---

[15]Recuérdese que durante los trámites judiciales los peticionarios aceptaron que Distribuidores tenía derecho a la sustitución del Pagaré Núm. 3.

asunto contencioso -de exclusiva competencia de los tribunales- que no podía dilucidarse mediante un recurso gubernativo.[16]

## VI

En virtud de la normativa que antecede, resolvemos que Distribuidores interrumpió oportunamente el término prescriptivo de la acción hipotecaria mediante la interposición de la acción judicial. Por tanto, modificamos el dictamen emitido por el Tribunal de Apelaciones a los efectos de ordenar la reinstalación en el Registro de los gravámenes hipotecarios relacionados al Pagaré Núm. 2 y al Pagaré Núm. 3. De esta forma, le ordenamos al Registrador de la Propiedad realizar las rectificaciones correspondientes, a los fines de que se acredite la vigencia de los referidos créditos hipotecarios y la anotación preventiva de demanda presentada por Distribuidores.

En consecuencia, remitimos el caso al Tribunal de Primera Instancia para la continuación de los

---

[16]Resulta obvio que lo resuelto en Distribuidores Gas PR v. Registradora, *supra*, no constituye impedimento colateral por sentencia en el caso ante nuestra consideración. Según explicamos, en aquel entonces no se dilucidó el efecto de la presentación de la demanda enmendada sobre el plazo prescriptivo de la acción hipotecaria, ya que no es materia de revisión en un recurso gubernativo. Por tanto, el *hecho esencial* para el pronunciamiento del dictamen al que hoy llegamos no se determinó en el aludido recurso gubernativo, por lo que, a todas luces, no opera la figura del impedimento colateral por sentencia. Presidential v. Transcaribe, 186 DPR 263, 277 (2012); Beníquez *et al.* v. Vargas *et al.*,

procedimientos ulteriores de forma compatible con lo aquí resuelto.

                              Luis F. Estrella Martínez
                                   Juez Asociado

_____
184 DPR 210, 225 (2012); SLG Szendrey-Ramos v. Consejo de Titulares, 184 DPR 133, 155 (2011).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Distribuidores Unidos de Gas de Puerto Rico, Inc. <br><br> Recurridos <br><br> v. <br><br> Sucesión de Carlos Manuel Declet Meléndez y Gloria Jiménez Vega, compuesta por sus hijos, Carlos Antonio Declet Jiménez, Carlos Manuel Declet Jiménez; Fulano de Tal; Santurce Gas Company, Inc.; Carlos M. Declet Jiménez; Lydia Esther Paz Palm y la Sociedad de Gananciales compuesta por ambos <br><br> Peticionarios | CC-2014-1058 | *Certiorari* |

SENTENCIA

San Juan, Puerto Rico, a 28 de julio de 2016.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, resolvemos que Distribuidores interrumpió oportunamente el término prescriptivo de la acción hipotecaria mediante la interposición de la acción judicial. Por tanto, modificamos el dictamen emitido por el Tribunal de Apelaciones a los efectos de ordenar la reinstalación en el Registro de los gravámenes hipotecarios relacionados al Pagaré Núm. 2 y al Pagaré Núm. 3. De esta forma, le ordenamos al Registrador de la Propiedad realizar las rectificaciones correspondientes, a los fines de que se acredite la vigencia de los referidos créditos hipotecarios y la anotación preventiva de demanda presentada por Distribuidores.

En consecuencia, remitimos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos ulteriores de forma compatible con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Colón Pérez está conforme y hace constar las siguientes expresiones:

El Juez Asociado señor Colón Pérez está conforme con lo resuelto por una mayoría de este Tribunal, por entender que, en estricto derecho, el resultado al que se llega en el presente caso es correcto: el término prescriptivo para ejercer la acción hipotecaria --en lo concerniente a los pagarés hipotecarios vencederos a la presentación-- es susceptible de ser interrumpido extrarregistralmente. Ahora bien, la interrupción oportuna de los términos prescriptivos en el caso ante nos surge como consecuencia de una enmienda a la demanda (para añadir la causa de acción de ejecución de hipoteca) solicitada alrededor de año y medio después de presentada la demanda original (en la que solo se ejerció acción de cobro de dinero), lo que permitió que las enmiendas realizadas a la demanda se retrotrajeran a la fecha de presentación de esta última. En vista de lo anterior, es menester señalar que lo aquí resuelto no provee un subterfugio a las partes en un pleito para obviar los diversos términos prescriptivos dispuestos en las leyes del Estado Libre Asociado de Puerto Rico mediante el uso indiscriminado de las Reglas 13.1 y 13.3 de Procedimiento Civil. Máxime, cuando se pudiese entender que las partes que radican la demanda en cobro de dinero --al momento de presentar la misma-- conocían o debieron haber conocido del derecho accesorio de hipoteca que garantizaba la obligación. Debemos tener presente que los hechos de este caso, sobre los cuales el Tribunal emite la presente Opinión, son unos muy particulares (pues, de ordinario, en este tipo de caso las partes presentan en conjunto la acción en cobro de dinero con la acción de ejecución de hipoteca), y matizados por un trámite procesal muy complejo que requirió, entre otras cosas, que este Tribunal interviniera en etapas tempranas del proceso, mientras a la par se dilucidaban en el Tribunal de Primera Instancia otros procedimientos relacionados a la causa de epígrafe. Véase: *Distribuidores de Gas Puerto Rico v. Registradora*, 188 D.P.R. 351 (2013).

La Juez Asociada señora Rodríguez Rodríguez disiente y hace las siguientes expresiones:

Con la opinión que precede, una mayoría de este Tribunal avala la utilización de un subterfugio procesal para evadir un término prescriptivo. Permitir que se presente una nueva

causa de acción que ya está prescrita, como lo es la ejecución de hipoteca en este caso, mediante una enmienda a la causa de acción original de cobro de dinero, milita en contra de la extinción de las acciones por razón del transcurso del tiempo. Con este proceder, se le reconoce a una parte el ejercicio de un derecho patrimonial transcurrido el término prescrito para ello. Valerse de un mecanismo procesal para eludir el cumplimiento con un término prescriptivo propicia, no sólo la inseguridad jurídica, sino además, el menoscabo de una figura como la prescripción que, en nuestro ordenamiento, es de naturaleza sustantiva. Véase *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 D.P.R. 365, 373 (2012); *S.L.G. Serrano-Báez v. Foot Locker*, 182 D.P.R. 824 (2011); *COSSEC et al. v. González López et al.*, 179 D.P.R. 793, 805 (2010); *Santos de García v. Banco Popular*, 172 D.P.R. 759, 766 (2007). Mediante la Opinión que suscribe una mayoría de este Tribunal, se le atribuye eficacia jurídica a un acto realizado a destiempo. Con ello, se desvirtúa el propósito de la prescripción y se admite el uso de un artificio legal para su interrupción.

Por entender que una causa de acción de cobro de dinero es fundamentalmente distinta a una causa de acción de ejecución de hipoteca, me resulta imposible concebir que el ejercicio de la última se retrotraiga al momento del ejercicio de la primera. Cabe recordar que una peculiaridad del derecho real de hipoteca es que se trata de un derecho accesorio a uno personal. Precisamente por ello, el incumplimiento con el derecho personal está irremediablemente atado el ejercicio de la acción real de ejecución de hipoteca. Véase José Puig Brutau, *Caducidad, prescripción extintiva y usucapión* 133 (3ra ed. 1996). No hay razón alguna por la cual la parte demandante no haya podido incoar su causa de acción de ejecución de hipoteca oportunamente; esto es, al momento de presentar su reclamación de cobro de dinero por el derecho de crédito que la propia hipoteca garantizaba. Ratificar esa falta de diligencia permitiéndole ejercer tardíamente un derecho real prescrito constituye un desacierto que me resulta imposible sancionar.

María Colón Falcón
Secretaria del Tribunal Supremo Interina