Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| BRIDGET LYNN WOOD CAPESTANY<br><br>Apelante<br><br>v.<br><br>PABLO LAUREANO ROMÁN<br><br>Apelado | KLAN202300866 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2023CV01832<br><br>Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Álvarez Esnard, jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de noviembre de 2023.

Comparece ante nos la señora Bridget Lynn Wood Capestany ("señora Wood Capestany" o "Apelante") mediante *Recurso de Apelación* presentado el 27 de septiembre de 2023. Nos solicita que revoquemos la *Sentencia* emitida el 25 de agosto de 2023 y notificada el 29 de agosto del mismo año, por el Tribunal de Primera Instancia, Sala de Bayamón ("foro primario" o "foro *a quo*"). Por virtud de esta, el foro *a quo* desestimó sin perjuicio la *Demanda* presentada por la Apelante, debido a que faltaba parte indispensable, entiéndase la señora Migdalia Capestany Soto ("señora Capestany Soto"), madre de la Apelante. En desacuerdo, el 30 de agosto de 2023, la Apelante presentó *Moción de Reconsideración,* la cual fue declarada *No Ha Lugar* mediante *Resolución* emitida y notificada el 19 de septiembre de 2023.

Por los fundamentos expuestos a continuación, **CONFIRMAMOS** la *Sentencia* apelada.

**I.**

En lo pertinente a la controversia ante nuestra consideración, durante el matrimonio entre la señora Wood Capestany y el señor

Número Identificador

SEN(RES)2023_____

Pablo Rafael Laureano Román ("señor Laureano Román" o "Apelado"), las partes adquirieron la siguiente propiedad inmueble:

> RÚSTICA: BARRIO QUEBRADA ARENAS de Toa Alta. Solar: 3. Cabida: 820.168 Metros Cuadrados. Linderos: Norte, en 65.648 metros con la finca del State Developers Corporation. Sur, en 63.936 metros con la finca de Glashed Corp. y Rubén Pérez. Este, en 18.303 metros con camino Municipal. Oeste, en 18.807 metros con la finca de Glashed Corp.[1]

La referida propiedad consta inscrita a favor de la señora Capestany Soto y de los esposos Wood Capestany y Laureano Román. Las partes adquirieron, junto a la señora Capestany Soto, la propiedad descrita por la suma de $120,000.00, en la siguiente proporción: un 75% a favor de los esposos Wood Capestany y Laureano Román y el restante 25% a favor de la señora Capestany Soto.[2]

El 23 de agosto de 2018, las partes se divorciaron por la causal de ruptura irreparable.[3] Así las cosas, el 5 de abril de 2023, la señora Wood Capestany presentó una *Demanda* contra el señor Laureano Román. Mediante esta, la Apelante solicitó al foro primario que ordenara al Apelado a comparecer ante notario a los fines de que se otorgara una *Escritura de Cesión de Participación y/o División de Bienes Gananciales*.[4]

Luego de varios incidentes procesales, el 12 de julio de 2023, el señor Laureano Román presentó una *Moción en Solicitud de Desestimación por Falta de Parte Indispensable*. Alegó que no surge de la demanda que la señora Capestany Soto, quien ostenta una participación del 25% de la propiedad, haya cedido su participación a la señora Wood Capestany, por lo que es una parte indispensable para la adjudicación de las controversias en el pleito.[5]

---

[1] Apéndice del recurso de Apelación, págs. 11-13.
[2] Apéndice del recurso de Apelación, pág. 11.
[3] Véase, Entrada Núm. 1, Anejo 2, del Sistema Unificado de Manejo y Administración de Caso (SUMAC).
[4] Apéndice del recurso de Apelación, págs. 12-13.
[5] Apéndice del recurso de Apelación, págs. 14-18.

Por su parte, el 25 de julio de 2023, la señora Wood Capestany presentó una *Réplica a Moción de Desestimación por Falta de Parte Indispensable*. Por virtud de esta, expuso que se trata de una acción en la cual solo intervienen los excónyuges. Además, reiteró que la señora Capestany Soto no es parte indispensable, ya que se trata de una división de bienes gananciales.[6]

El 25 de agosto de 2023, el foro *a quo* dictó *Sentencia*, mediante la cual ordenó la desestimación sin perjuicio del caso, debido a que falta parte indispensable, entiéndase la señora Capestany Soto.[7]

En desacuerdo con la determinación del foro primario, el 30 de agosto de 2023, la señora Wood Capestany presentó una *Moción de Reconsideración*. En síntesis, alegó que, en lugar de la desestimación sin perjuicio, el foro *a quo* debió darle la oportunidad a la Apelante de enmendar su demanda. Enfatizó que el Apelado aún no había contestado la demanda, por lo que no se le causaría ningún perjuicio.[8]

En respuesta, el 18 de septiembre de 2023, el señor Laureano Román presentó una *Moción en Oposición y en Cumplimiento de Orden*. En síntesis, sostuvo que la Apelada argumentó en su oposición a la moción de desestimación que no había tal cosa como falta de parte indispensable en el presente caso. Arguyó, además, que no es suficiente que se le haya informado sobre su oportunidad de intervenir en el pleito, sino que es necesario que se le haya hecho parte.[9]

Evaluados los planteamientos esbozados por las partes, el 19 de septiembre de 2023, el foro primario declaró No Ha Lugar la solicitud de reconsideración presentada por la Apelante.[10]

---

[6] Apéndice del recurso de Apelación, págs. 20-21.
[7] Apéndice del recurso de Apelación, págs. 1-2.
[8] Apéndice del recurso de Apelación, págs. 3-4.
[9] Apéndice del recurso de Apelación, págs. 6-8.
[10] Apéndice del recurso de Apelación, pág. 9.

Inconforme aún, el 27 de septiembre de 2023, la señora Wood Capestany compareció ante nos y formuló los siguientes señalamientos de error:

> ERROR 1: Erró el Tribunal de Instancia en su conclusión de que la señora Capestany es parte indispensable.

> ERROR 2: Erró el Tribunal de Primera Instancia por negarle a la parte demandante, la oportunidad de enmendar la demanda para incluir a la denominada parte indispensable.

El 2 de octubre de 2023, esta Curia emitió *Resolución* en la que le concedió un término de treinta (30) días a la Parte Apelada para que expusiera su oposición al recurso. El señor Laureano Román no compareció en el término dispuesto, por lo que procedemos sin el beneficio de su comparecencia.

## II.

### A. Regla 10.2 de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil, 32 LPRA AP. V, R.10.2, permite a la parte demandada solicitar al tribunal que desestime la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043 (2020).[11] Esa solicitud deberá hacerse mediante una moción y basarse en uno de los fundamentos siguientes: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia en su diligenciamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio, o (6) dejar de acumular una parte indispensable. La notificación de esta moción interrumpe el término para presentar la alegación responsiva. *Íd.*

### B. Falta de Parte Indispensable

Se considera parte indispensable aquella que tenga "un interés común sin cuya presencia no pueda adjudicarse la

---

[11] Citando a *Sánchez v. Aut. de los Puertos,* 153 DPR 559, 569 (2001).

controversia . . .”. 32 LPRA Ap. V, R. 16.1. Esta es una parte “cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto . . . sin lesionar y afectar radicalmente sus derechos”. *García Colón et al. v. Sucn. González*, 178 DPR 527, 548 (2010) (Citas omitidas). Por virtud de ello, “si no está presente en el litigio se trasgrede el debido proceso de ley del ausente. Ante la ausencia de una parte indispensable, el tribunal carece de jurisdicción . . .”. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 479 (2019) (Escolios omitidos). Por lo tanto:

> [C]onstituye un planteamiento tan relevante y vital que puede presentarse en cualquier momento, es decir, se puede presentar por primera vez en apelación e, incluso, un tribunal apelativo puede suscitarlo sua sponte, ya que en ausencia de parte indispensable, el tribunal carece de jurisdicción. Además, la omisión de traer a una parte indispensable al pleito constituye una violación al debido proceso de ley que la cobija. *Romero v. SLG Reyes*, 164 DPR 721, 733 (2005) (Citas omitidas).

Esto quiere decir que “la sentencia que se emita en ausencia de parte indispensable es nula”. *García Colón et al. v. Sucn. González, supra*, pág. 550 (Énfasis suprimido). Cuando esté “ausente una parte indispensable, debe desestimarse la acción. Sin embargo, dicha desestimación no tendrá el efecto de una adjudicación en los méritos ni, por ende, de cosa juzgada”. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 224 (2007). De este modo, no es suficiente que se le haya informado sobre su oportunidad de intervenir en el pleito, sino que es necesario que se le haya hecho parte. *Deliz et als v. Igartúa et. als.*, 158 DPR 403, 434 (2003).

### C. Enmienda a las alegaciones

La Regla 13.1 de Procedimiento Civil, dispone que “[c]ualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva”. 32 LPRA Ap. V, R. 13.1. No obstante, “[e]n cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria”. *Íd.* En

ese caso, "el permiso [del tribunal para enmendar las alegaciones] se concederá liberalmente cuando la justicia así lo requiera". *Íd.* Véase, además, *SLG Font Bardón v. Mini-Warehouse*, 179 DPR 322, 334-335 (2010).

Establecido lo anterior, "la Regla 13.1 permite a una parte enmendar sus alegaciones cuando por alguna razón válida en derecho ha omitido algo en éstas". *Dist. Unidos Gas v. Sucn. Declet Jiménez*, 196 DPR 96, 117 (2016) (Cita omitida); 32 LPRA Ap. V, R. 13.1.

Aunque las Reglas de Procedimiento Civil favorecen un enfoque liberal al momento de autorizar alguna enmienda a las alegaciones, "esta liberalidad no es infinita". *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184, 199 (2012) (Cita omitida). En *SLG Sierra v. Rodríguez*, el Tribunal Supremo estableció cuatro criterios que deben regir la discreción de los tribunales al decidir si autorizan o no una enmienda: "(1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada". 163 DPR 738, 748 (2005). Estos criterios deben ser analizados conjuntamente, y ninguno de ellos, por sí solo, obliga a los tribunales a negar o autorizar enmiendas a las alegaciones. Véase *SLG Font Bardón v. Mini-Warehouse, supra*.

**III.**

Expuesto el marco jurídico y ponderados los argumentos presentados por las partes, procedemos a resolver la controversia ante nuestra consideración. En el presente caso la señora Wood Capestany nos invita a que revoquemos la *Sentencia* emitida el 25 de agosto de 2023 y notificada el 29 de agosto del mismo año, mediante la cual el foro primario desestimó sin perjuicio la causa de acción en contra del señor Laureano Román.

En síntesis, la señora Wood Capestany alega que erró el foro *a quo* en su conclusión de que la señora Capestany Soto es parte indispensable. Esboza, además, que erró el foro primario al negarle a la parte Apelante la oportunidad de enmendar la demanda para incluir a la denominada parte indispensable.

Surge del expediente ante nuestra consideración que la Apelante expuso en su *Réplica a Moción de Desestimación por Falta de Parte Indispensable* que la señora Capestany Soto no es parte indispensable. Sin embargo, desde la presentación de la *Demanda* y según consta en el Registro Inmobiliario Digital del Estado Libre Asociado de Puerto Rico[12] el inmueble está inscrito a favor del Apelado, la Apelante y la madre de ésta. Por tanto, tienen participaciones en el inmueble objeto de esta disputa. Aun así, la Apelante no trajo al pleito a la señora Capestany Soto.

Un análisis de lo anterior nos lleva a colegir que la señora Capestany Soto es una parte indispensable sin cuya presencia no puede adjudicarse la presente controversia. El tribunal carece de jurisdicción cuando falta una parte indispensable. *Rivera Marrero v. Santiago Martínez*, supra. Por lo tanto, cuando esté ausente, debe desestimarse la acción. *Pérez Rosa v. Morales Rosado*, supra. Ante la posición firme de la Apelante de que no le corresponde traer al pleito a la señora Capestany Soto, procedía la desestimación solicitada por falta de parte indispensable. El tracto procesal del caso de autos así lo demuestra.

Según esbozamos, cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. 32 LPRA Ap. V, R. 13.1. En cualquier otro caso, las partes podrían enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la

---

[12] Apéndice del recurso de Apelación, pág. 11.

parte contraria. *Íd.* Los criterios que deben regir la discreción de los tribunales al decidir si autorizan o no una enmienda deben ser analizados conjuntamente, y ninguno de ellos, por sí solo, obliga a los tribunales a negar o autorizar enmiendas a las alegaciones. Véase *SLG Font Bardón v. Mini-Warehouse*, supra. Es decir, el foro primario no estaba obligado a autorizar la enmienda a la demanda que la señora Wood Capestany solicitó en su *Moción de Reconsideración*. La demanda fue desestimada sin perjuicio.

En virtud de lo anterior, resolvemos que el foro *a quo* no cometió los errores imputados por la señora Wood Capestany. Por lo tanto, procede confirmar el dictamen emitido por el foro primario.

**IV.**

Por los fundamentos que anteceden, **CONFIRMAMOS** la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones