ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JOSÉ LUIS GARCÍA FIGUEROA Y OTROS<br><br>Recurrido<br><br>v.<br><br>CAJA GRANDE, LLC Y OTROS<br><br>Peticionario | KLCE202301317 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Número: SJ2021CV07354<br><br>Sobre: Incumplimiento de contrato |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de enero de 2024.

Comparece Caja Grande, LLC (peticionaria) y solicita la revocación de una *Resolución y Orden*[1] emitida por el Tribunal de Primera Instancia, Sala de San Juan (TPI o foro primario) el 27 de octubre de 2023. En esta, el foro primario autorizó cuatro enmiendas a la demanda, entre otras determinaciones sobre el descubrimiento de prueba y manejo del caso. Junto a su petitorio presentó una *Moción en auxilio de jurisdicción para la paralización de los procedimientos*. Tomando en consideración los planteamientos esbozados, así como la postura de la parte peticionaria, ordenamos la paralización solicitada.

Por los fundamentos que exponemos a continuación, expedimos el auto de *certiorari,* modificamos el dictamen recurrido y dejamos sin efecto la orden de paralización de los procedimientos. Veamos.

**I.**

---

[1] Apéndice, págs. 1-2.

Número Identificador:

SEN2024_____

José Luis García Figueroa y Nicole Marie Maldonado Díaz (recurridos) incoaron una *Demanda*[2] el 8 de noviembre de 2021 por incumplimiento de contrato y daños y perjuicios en contra de Caja Grande, LLC. En síntesis, alegaron que, adquirieron de la peticionaria dos contenedores en anticipación a la construcción de su residencia y, como parte de un acuerdo contractual, solicitaron su transporte hasta la finca donde habrían de ser colocados. Adujeron que, la peticionaria inspeccionó el área y presuntamente determinó que no era apta para colocar allí los contenedores. Arguyeron que, Caja Grande, LLC les cobró cargos por almacenamiento y dejó sin efecto el referido contrato. En su consecuencia, imputaron a Caja Grande, LLC, el incumplimiento de contrato, la pérdida económica, más daños y perjuicios por angustias mentales y emocionales. Suplicaron al foro judicial el resarcimiento de sus daños, más costas, gastos y honorarios de abogado.

En reacción, Caja Grande, LLC acreditó su alegación responsiva e interpuso una reconvención.[3] En esta, instó una acción en cobro de dinero por concepto del costo de almacenar y custodiar los contenedores, más gastos y honorarios de abogado. Oportunamente, los demandantes aquí recurridos, replicaron la reconvención[4] y el TPI autorizó el descubrimiento de prueba.

Atinente al recurso ante nos, resaltamos que, el 17 de mayo de 2022, las partes presentaron un *Informe para el manejo de caso*.[5] En dicho informe se anunció en la Parte C, (inciso 2a sobre Prueba Testifical, Personas Peritas de la parte demandante) el nombre del CPA Jorge Rodríguez Suárez. Más adelante en el proceso y según surge del expediente, el TPI celebró una vista de estatus en la cual

---

[2] Apéndice, págs. 100-104.
[3] Apéndice, págs. 105-108. Cabe señalar que, la contestación a la demanda que instó la peticionaria fue objeto de enmienda. Véase, Apéndice, págs. 112-117.
[4] Apéndice, págs. 118-120.
[5] Apéndice, págs. 4-9.

se discutió la prueba pericial anunciada.[6] Los recurridos informaron, mediante moción suplementaria[7] instada el 13 de octubre de 2022, que someterían un informe de prueba pericial del CPA Rodríguez Suárez sobre pérdida económica.

Así las cosas, se celebró otra vista sobre el estado de los procedimientos el 10 de febrero de 2023, en la cual el TPI identificó el 28 de febrero de 2023, como la fecha límite para finalizar el descubrimiento de prueba. Además, señaló la fecha de la *Conferencia con antelación al juicio,* la cual finalmente se celebró el 26 de junio de 2023.  De la *Minuta*[8] notificada en autos el 30 de junio de 2023, se desprende que, durante la referida conferencia con antelación al juicio, se discutió el *Informe Enmendado*[9] presentado el 12 de junio de 2023. En particular, la parte demandante reiteró su súplica en torno a la utilización del perito anunciado en el *Informe de Manejo* y el TPI pospuso su determinación sobre dicho particular en aras de verificar el expediente. El TPI también autorizó la presentación de un petitorio sumario en o antes del 15 de agosto de 2023.

Ahora bien, de la minuta también surge que, el TPI analizó las enmiendas a la demanda que anunciaron los recurridos en el referido informe enmendado (correspondiente a la conferencia con antelación al juicio),[10] algunas de ellas fundamentadas en nuevas causas de acción, a saber:

1. Se enmienda la Demanda para corregir el número de serie del primer vagón, MSCU 5004704.
2. Se enmienda la Demanda para incluir una causa de acción por la inversión de los demandantes en un total de $14,236.72.
3. Se enmienda la Demanda para alegar una causa de acción de aumento en valor en el mercado de los contenedores de $5,560.00.
4. Se enmienda la Demanda para alegar una causa de acción del Valor del trabajo del Sr. José Luis García en una suma de $13,233.90.

---

[6] Apéndice, págs. 10-12.
[7] Apéndice, págs. 13-14.
[8] Apéndice, págs. 23-26.
[9] Apéndice, págs. 27-55.
[10] Apéndice, págs. 53-54.

5. Se enmienda la Demanda para alegar una causa de acción del costo de financiamiento de $1,376.00.
6. Se enmienda la Demanda para alegar una causa de acción el costo en exceso de renta por la cantidad de $7,700.00 acumulado e incrementa por $550.00 todos los meses.
7. Se enmienda la Demanda para alegar una causa de acción de pérdida de crédito de $200.00 diarios por 365 días [que] totaliza $73,000.00.

Sobre lo antes, el TPI dictaminó lo siguiente:

> [...] En torno a las enmiendas de la página 27 con excepción de corregir el número de serie del vagón, en cuanto a las demás causas de acción el tribunal coincide con la apreciación de la parte demandada. Se entiende que las mismas no proceden.
> [...] Se hace constar que el tribunal únicamente puede evaluar los asuntos que se encuentran incluidos en la demanda.

Inconforme con la determinación, el 10 de julio de 2023, los demandantes recurridos solicitaron la reconsideración[11] de la *Minuta* notificada.[12] Arguyeron que, las enmiendas a la demanda solicitadas versan sobre daños que no se conocían ni existían al momento de radicar la demanda. Entre otros señalamientos, añadieron su postura en cuanto a la dilación en notificar el informe pericial sobre pérdida económica, el cual presuntamente anunciaron desde el inicio del litigio. A lo antes, el 31 de julio de 2023, la peticionaria se opuso[13] por entender que, las enmiendas a las alegaciones son tardías y que el informe pericial fue entregado con posterioridad a la culminación del descubrimiento de prueba, sin justa causa.

Ahora bien, evaluado lo anterior, el 27 de octubre de 2023, el TPI emitió en reconsideración la *Resolución y Orden* recurrida, en la cual dispuso lo siguiente:

> En reconsideración se autorizan las enmiendas 1, 2, 3 y 6 presentadas por el demandante en el informe de CAJ.
>
> De una evaluación del expediente surge lo siguiente:
>
> • El informe para el manejo de caso establece que la parte demandante utilizará al CPA Jorge Rodríguez Suárez. (Sumac 26)

---

[11] Apéndice, págs. 65-67.
[12] La minuta fue enmendada el 11 de julio de 2023 "a los fines de aclarar cierta información que surge de los incisos 12, 13 y 17". Apéndice, págs. 125-128.
[13] Apéndice, págs. 62-64.

- En la vista del 14 de septiembre de 2022 la parte demandante informa que utilizará perito economista. El tribunal estableció como fecha límite para el descubrimiento de prueba el 30 de noviembre de 2023. (Sumac 50)
- En la Moción Suplementaria Conjunta la parte demandante informa que presentará informe pericial 30 días luego de finalizado [sic] las deposiciones.
- El 10 de diciembre de 2022, el 20 de diciembre de 2022, el 13 de febrero de 2023 y el 22 de febrero de 2023 las partes anunciaron nuevas fechas para las deposiciones. (Sumac 67, 75, 83 y 84)
- El 5 de mayo de 2023 el demandante le notificó al demandado el informe pericial. (Sumac 108)
- La CAJ se celebró el 30 de junio de 2023.

Evaluado el tracto procesal del caso y el hecho de que el informe se le notificó al demandado más de 30 días antes de la vista de CAJ se autoriza la misma.
Tienen las partes 3 días para informar nuevas fechas de juicio para el mes de enero de 2024.

Poco después, el TPI emitió una orden en la cual señaló el juicio para el 24 y 25 de enero de 2024. Inconforme, Caja Grande, LLC, acude ante esta Curia y señala la comisión de los siguientes errores:

Erró el TPI al declarar que el Informe Inicial de Manejo del Caso establece que la parte peticionada y recurrida utilizará al perito CPA Jorge Rodríguez Suárez.

Erró el TPI al resolver que, luego de evaluado el tracto procesal del caso y el hecho de que el Informe se le notificó a los peticionarios y recurrentes con más de 30 días de la vista de CAJ, se autoriza la misma. Sin tomar en consideración las objeciones oportunas y en tiempo de los recurrentes a la prueba pericial anunciada y lo resuelto en la minuta del 13 de febrero de 2023.

Erró el TPI al resolver que, en reconsideración se autorizan las enmiendas a la demanda, 2, 3 y 6 del Informe de CAJ, incoado el 12 de junio de 2023. A pesar de que estas enmiendas contienen nuevas causas de acciones que cambian sustancialmente las teorías, alegaciones y defensas de las partes de epígrafe en el presente caso. También, estas enmiendas están directamente relacionada con la prueba testimonial y el informe pericial del CPA, Rodríguez Suárez, objetado por los aquí recurrentes. Por último, la solicitud de enmienda a la demanda por los aquí recurridos fueron traídas tardíamente en el Informe de CAJ de 12 de junio de 2023.

Según adelantamos, ordenamos la paralización de los procesos y concedimos un término a los recurridos para exponer posición tomando en consideración que, no obra en autos la demanda enmendada y la correspondiente alegación responsiva en esta etapa de los procedimientos previo a la celebración del juicio.

En cumplimiento con lo ordenado, los recurridos comparecieron mediante un *Alegato en oposición* y mediante una *Moción para mostrar posición de la recurrida sobre la procedencia de las enmiendas a la demanda y suplementando alegato en oposición.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023. Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción,

podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada Regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

### B. Enmiendas a la Demanda

La Regla 13.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1, regula las enmiendas a las alegaciones. A esos efectos, dispone que una parte puede enmendar sus alegaciones bajo las siguientes circunstancias:

> [c]ualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. Si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; el permiso se concederá liberalmente cuando la justicia así lo requiera. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal lo ordene de otro modo.

Sobre este tema, el Tribunal Supremo de Puerto Rico dispuso en *Dist. Unidos de Gas v. Sucn. Declet Jiménez*, 196 DPR 96, 117 (2016), que las enmiendas pueden ampliar las causas de acción de la demanda original e incluso, pueden añadir una o más causas de acción, las cuales se retrotraerán a la fecha de presentación de la

demanda original, siempre y cuando surjan de la misma conducta, acto, omisión o evento expuesto en la alegación original.

En *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020), el Tribunal Supremo dictaminó que las enmiendas a las alegaciones deberán concederse liberalmente cuando la justicia lo requiera. De igual manera, resolvió que, el mero transcurso del tiempo no es suficiente para impedir la enmienda solicitada. *Íd.* En virtud de lo anterior, el Tribunal Supremo expresó haber avalado enmiendas a las alegaciones en procedimientos judiciales en etapas avanzadas. *Íd.*

Sobre este tema y citando al tratadista José A. Cuevas Segarra, el Tribunal Supremo estableció que los cambios en la teoría original y la adición de nuevas reclamaciones no debe ser un obstáculo para denegar una solicitud de enmienda a las alegaciones, salvo cuando hay incuria, mala fe o propósitos dilatorios que causan perjuicio a otra parte. J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. J.T.S., 2000, T. 2, pág. 594. Ello, en virtud de la política pública de que las controversias se resuelvan en los méritos y que todo litigante tenga su día en corte. *León Torres v. Rivera Lebrón,* supra.

Sin embargo, nuestro más Alto Foro destacó que, el Tribunal de Primera Instancia habrá de tomar en consideración los siguientes criterios previo a conceder solicitudes de enmiendas a las alegaciones: (1) el momento en que se solicita; (2) el impacto que tendría en la pronta adjudicación de la controversia; (3) la razón atribuible a dicha demora; (4) el perjuicio que causaría a la otra parte; y (5) los méritos intrínsecos de la defensa que tardíamente se plantea. *Íd.* Sobre tales criterios, nuestro más Alto Foro aclaró que el factor predominante ha de ser el perjuicio que dicha enmienda puede causarle a la parte contraria. *Íd.*

Cónsono con lo anterior, y en lo pertinente al caso de marras, la Regla 37.4 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 37.4, establece que los abogados de las partes habrán de reunirse informalmente, al menos quince (15) días antes de la fecha pautada para la celebración de la conferencia con antelación al juicio, con el fin de preparar el *Informe preliminar entre abogados y abogadas.* Según la Regla 37.4(l), *supra,* dicho informe deberá contener "[l]as enmiendas a las alegaciones y los fundamentos por los cuales éstas no se presentaron con anterioridad."

### C. Manejo del caso ante el Tribunal de Primera Instancia

El funcionamiento efectivo de nuestro sistema judicial y la pronta disposición de los asuntos litigiosos hacen necesario que los jueces de instancia ostenten gran flexibilidad y discreción para lidiar diariamente con el manejo y la tramitación de los asuntos judiciales. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Es por ello que, a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *In re Collazo I,* 159 DPR 141, 150 (2003). El Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró,* 181 DPR 517, 529 (2011).

Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del TPI. *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018). Siendo así, el Tribunal Supremo ha manifestado que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en

craso abuso de discreción, o que incurrió en error manifiesto. *Íd.* El ejercicio adecuado de la discreción se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**III.**

En el presente recurso, la peticionaria en el primer y segundo señalamiento de error impugna el dictamen del foro primario mediante el cual autorizó la prueba pericial que anunciaron los recurridos, presuntamente vencido el término de descubrimiento de prueba. Discute que, al ejercer su discreción para autorizar la prueba pericial, el TPI obvió que los recurridos no produjeron oportunamente a la peticionaria la información requerida sobre el particular; que los recurridos anunciaron en el *Informe sobre Conferencia Preliminar entre Abogados* que presentarían prueba testimonial y pericial, transcurridos tres meses de haber finalizado el término que concedió el TPI para finalizar el descubrimiento de prueba; que los recurridos presentaron el *Informe sobre Conferencia Preliminar entre Abogados* sin la autorización de la peticionaria; y que la peticionaria objetó durante la vista con antelación a juicio la admisibilidad de la prueba pericial de los recurridos. Añade que, al autorizar a los recurridos presentar nueva prueba, finalizado el descubrimiento de prueba, atenta en contra de su debido proceso de ley y la coloca en estado de indefensión.

Con respecto a las enmiendas a la demanda propuestas por los recurridos en el *Informe sobre Conferencia Preliminar entre Abogados* (números 2, 3 y 6), la peticionaria arguye como tercer error que el foro primario actuó contrario a derecho al autorizarlas y con ello ocasiona un perjuicio a la peticionaria.

En respuesta al planteamiento sobre la prueba pericial, los recurridos se oponen y aducen que, según el TPI expuso expresamente, constató en el expediente digital que los recurridos

notificaron a la peticionaria, desde el inicio del litigio, que utilizarían prueba pericial. Arguyen además que, la peticionaria nunca anunció su interés en deponer el perito anunciado por los recurridos, ni se reservó el derecho a notificar prueba pericial. Añaden que, tampoco la peticionaria obedeció el término de descubrimiento de prueba al tomar y someter las transcripciones de las deposiciones de los demandantes recurridos vencido el término de descubrimiento de prueba, lo cual le impide beneficiarse de dicho argumento.

Con relación a las enmiendas a las alegaciones que autorizó el foro primario, los recurridos exponen que, son producto de la evidencia obtenida durante el descubrimiento de prueba. Añaden que, la única forma de realizar tales enmiendas es a través del *Informe sobre Conferencia Preliminar entre Abogados*, por virtud de la Regla 37.4 de Procedimiento Civil, supra.

Luego de un estudio sosegado del expediente ante esta Curia dictaminamos que, la determinación del foro primario de autorizar a los recurridos presentar la prueba pericial no se aparta de los parámetros razonables en el manejo del caso. Máxime, cuando dicha prueba fue previamente anunciada y surge del dictamen impugnado que el descubrimiento de prueba había sido extendido hasta el 30 de noviembre de 2023. Puntualizamos que, el foro primario también goza de discreción para alterar su calendario, entre otros, con el fin de permitir la presentación de nueva prueba, incluso en etapas adelantadas de los procedimientos. *Colón Rivera v. Wyeth Pharm,* 184 DPR 184, 198 (2012), citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, Pubs. J.T.S., 2011, T. II, pág. 592. Nada en el expediente ante esta Curia ni en la *Resolución y Orden* recurrida sugiere que, el foro primario, en el ejercicio de sus facultades, haya incurrido en error o en abuso de discreción de forma tal que justifique que intervengamos con la sana

discreción del foro primario al respecto. Sobre tales bases, determinamos que el primer y segundo error no se cometieron.

En cuanto a las enmiendas a las alegaciones, reiteramos que, la Regla 37.4 de Procedimiento Civil, *supra,* provee para la inclusión de tales enmiendas en el *Informe sobre Conferencia Preliminar entre Abogados.* Coetáneamente, la Regla 13.1 de las Reglas de Procedimiento Civil, *supra,* faculta al foro de instancia a autorizar una enmienda a las alegaciones con posterioridad a que la parte demandada haya notificado su alegación responsiva. Sobre este tema, el Tribunal Supremo ha reiterado que, "[l]a autorización para enmendar las alegaciones al amparo de esta regla [13.1] debe concederse liberalmente", incluso en etapas adelantadas de los procedimientos, salvo que "exista un perjuicio manifiesto a la parte contraria o un claro abuso de discreción al autorizar la enmienda". *Colón Rivera v. Wyeth Pharm,* supra, pág. 198.

Puntualizamos que, en el presente caso, la peticionaria no demostró haber sufrido perjuicio alguno producto de la autorización de tales enmiendas. Ante este cuadro, y en ausencia de un perjuicio manifiesto a la peticionaria resolvemos que, el foro primario actuó correctamente al autorizar las enmiendas que propusieron los recurridos en el *Informe sobre Conferencia Preliminar entre Abogados*. Ahora bien, a pesar de que el TPI no erró al permitir tales enmiendas, y dado que no surge del expediente ante nuestra consideración que los recurridos hayan instado una demanda enmendada, decretamos que el foro primario incidió al no ordenarles dar cumplimiento a la Regla 13.1 de Procedimiento Civil, *supra* de forma fehaciente. De igual manera, el foro primario deberá facultar a la peticionaria a replicar la demanda enmendada que en su día se presente, en aras de salvaguardar su debido proceso de ley. Ciertamente reconocemos que, lo antes podría incidir en el calendario judicial previamente establecido, por lo que, le

corresponderá al foro primario revisar el referido calendario, dentro de su sana discreción y buen manejo del caso, en atención a lo aquí resuelto, así como las posibles controversias pendientes ante su consideración.

De conformidad, por entender que el foro primario incidió al no ordenar el cumplimiento fehaciente de la Regla 13.1 de las Reglas de Procedimiento Civil, *supra* y por encontrarnos en la etapa procesal adecuada, procede expedir el auto de *certiorari* y modificar el dictamen recurrido a los únicos fines de instruir al foro primario que ordene el cumplimiento de la Regla 13.1 de las Reglas de Procedimiento Civil, *supra,* permitiendo así la presentación de una demanda enmendada según autorizada, y la alegación responsiva, en aras de garantizar un debido proceso de ley. Además, deberá fijar el calendario judicial dentro de su sana discreción.

## IV.

Por los fundamentos antes expuestos, se expide el auto de *certiorari,* se modifica el dictamen recurrido y así modificado, se confirma. Dejamos sin efecto la orden de paralización de los procesos y devolvemos el caso ante el Tribunal de Primera Instancia para la continuación de los procedimientos conforme lo aquí resuelto.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones