Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial

| WILLIAM H. LÓPEZ GARCÉS Y GLADYS ÁLAMO RODRÍGUEZ<br><br>Apelantes<br><br>v.<br><br>METRO AVANTI CORP. Y MUNICIPIO AUTÓNOMO DE GUAYNABO<br><br>Apelados | KLAN202300894 | *Apelación*<br>Procedente de Tribunal de Primera Instancia, Sala de Bayamón<br><br>Núm.: GB2019CV00369<br><br>Sobre: Servidumbre de Paso; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Salgado Schwarz, el Juez Ronda Del Toro y la Jueza Prats Palerm

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de abril de 2024.

Comparece la parte demandante-apelante William H. López Garcés (en adelante, "Sr. López Garcés") y Gladys Álamo Rodríguez (en adelante, "Sra. Álamo Rodríguez") (en conjunto, "apelantes") mediante recurso de *Apelación* y solicitan que revoquemos una *Sentencia* emitida el 17 de julio de 2023 y notificada el 18 de julio de 2023 por el Tribunal de Primera Instancia, Sala de Bayamón (en adelante, "TPI"). Mediante el referido dictamen, el TPI desestimó sin perjuicio por falta de parte indispensable una demanda instada por los apelantes.

Por los fundamentos que expondremos a continuación, se *Confirma* la *Sentencia* apelada.

**I.**

El caso de marras tiene su génesis procesal en una *Demanda* presentada el 25 de marzo de 2019 por el Sr. López Garcés y su esposa, la Sra. Álamo Rodríguez contra Metro Avanti Properties Inc.

(en adelante, "Metro Avanti") y el Municipio Autónomo de Guaynabo (en adelante, "Municipio") (en conjunto, "apelados").

El 20 de agosto de 2019, los demandantes presentaron una *Primera Demanda Enmendada.* En esta, adujeron que Metro Avanti y el Municipio cerraron y obstruyeron un camino- el que denominaron servidumbre de paso por signo aparente- que desde el año 1959 utilizan para acceder a una finca de su propiedad. Tal actuación, adujeron, les ha ocasionado una pérdida del disfrute pacífico de su propiedad. Además, ha causado graves daños emocionales, angustias mentales y pérdida de oportunidad de negocio y económicas, en la medida en que provocó la pérdida de interés de posibles compradores de su propiedad. La servidumbre de paso reclamada no constaba inscrita en el Registro de la Propiedad. Por todo lo cual, solicitaron ante el TPI que reconociera su existencia.

Luego de varios incidentes procesales, que no son necesarios pormenorizar para poder disponer del caso, el 23 de febrero de 2023, Metro Avanti presentó una *Moción de Desestimación* por falta de parte indispensable. En la misma, alegó que la servidumbre de paso reclamada por los demandantes también discurre por las fincas de Manuel Resto Robles y Francisco Nieves Figueroa. Además, arguyó que el Dr. José López Álamo, hijo del demandante Sr. López Garcés, admitió durante su deposición que la servidumbre reclamada atraviesa las propiedades de los señores Resto Robles y Nieves Figueroa. En consecuencia, Metro Avanti adujo que los titulares de las fincas eran partes indispensables, sin cuya presencia no se podía dictar una sentencia. Por lo tanto, solicitó la desestimación de la demanda, según dispone la Regla 10.2 (6) de Procedimiento Civil.

El 16 de marzo de 2023, los demandantes presentaron su oposición a la desestimación de la demanda. En apretada síntesis,

arguyeron que Metro Avanti no presentó prueba que evidenciara la titularidad de las fincas en controversia.

Posteriormente, el 20 de marzo de 2023, el Municipio estipuló que la finca que perteneció al Sr. Manuel Robles Resto le pertenece al Municipio, habiéndola adquirido mediante expropiación forzosa en el caso Civil Núm. KEF2010-0217. Por otra parte, señaló que la finca 20,802 constaba inscrita en el Registro de la Propiedad a favor de Francisco Nieves Figueroa y su esposa, Amada Rivera Rodríguez (en adelante, "Matrimonio Nieves-Rivera"). Asimismo, el Municipio entendió que el Matrimonio Nieves-Rivera debían ser acumulados en el pleito y se unió a la moción de desestimación presentada por Metro Avanti.

El 15 de mayo de 2023, el TPI dictó una *Resolución* en la cual declaró No Ha Lugar la moción de desestimación. Sostuvo que, aunque el Municipio presentó una copia del asiento de la Finca 20,802 del Registro de la Propiedad, donde constaba que en el año 1972 se inscribió un predio de terreno del barrio Santa Rosa de Guaynabo, a favor del Matrimonio Nieves-Rivera, ello no era suficiente para acreditar que seguían siendo los dueños de dicho predio hasta el presente.

Inconforme, ese mismo día, el Municipio solicitó reconsideración de la *Resolución*. El Municipio reiteró lo testificado por el Dr. López Álamo durante su deposición sobre los terrenos que atraviesa la alegada servidumbre. A su vez, presentó un *Estudio de Título* en el cual se dispuso que, al 22 de marzo de 2023, la finca 20,280 aparecía inscrita en el Registro de la Propiedad a favor de Francisco Nieves Figueroa y Amada Rivera Rodríguez.

Durante esa misma fecha, los demandantes presentaron una *Moción Informativa y de Sustitución de Parte* mediante la cual informaron el fallecimiento del Sr. López Garcés. Debido a esto, solicitaron la sustitución de parte por los herederos del fenecido Sr.

López Garcés, entiéndase, su hijo, el Dr. López Álamo y su esposa, la Sra. Álamo Rodríguez. Así, el foro primario autorizó la sustitución mediante *Orden* dictada el 17 de mayo de 2023.

El 18 de mayo de 2023, Metro Avanti presentó una *Moción Suplementando y Uniéndose a Reconsideración* en la cual se unió a la moción de reconsideración presentada por el Municipio. Además, presentó una *Certificación Registral* emitida por la Registradora de la Propiedad, sección de Guaynabo, donde certificó que, al 17 de mayo de 2023, la Propiedad 20,282 aún constaba inscrita a favor de Francisco Nieves Figueroa y Amada Rivera Rodríguez.

Así las cosas, el 2 de junio de 2023, los demandantes presentaron su *Oposición a Moción de Reconsideración*. Alegaron que la deposición del Dr. López Álamo fue impugnada y su transcripción no había sido confirmada o estipulada como correcta, ya que la parte había sufrido un percance de salud ocurrido durante o con anterioridad a la deposición que creó dudas sobre su capacidad y entendimiento del procedimiento. Además, arguyeron que, la servidumbre de paso era paralela a la propiedad del Matrimonio Nieves-Rivera y que no discurría dentro de esta.

El 17 de julio de 2023, el TPI emitió una *Sentencia*, notificada el 18 de julio de 2023. Mediante el referido dictamen, el foro primario declaró Con Lugar la reconsideración y desestimó sin perjuicio el caso de autos por falta de partes indispensables, entiéndase Francisco Nieves Figueroa, Amada Rivera Rodríguez y la Sociedad Legal de Gananciales compuesta por ambos. En lo aquí pertinente, el Tribunal determinó:

> El 15 de mayo de 2023 se emitió RESOLUCIÓN sobre controversia planteada de falta de parte indispensable. De la cual lo codemandados solicitan reconsideración. Con sus respectivos escritos los codemandados presentan Estudio de Título de la Finca 20,282 al igual que la Certificación Registral. **De ambos documentos se desprende que tanto Francisco Nieves Figueroa como Amanda Rivera Rodríguez son parte indispensable en este caso ya que ambos figuran**

**como los dueños registrales del inmueble por donde se solicita se reconozca una servidumbre de paso.**[1]
(Énfasis suplido).

El 1 de agosto de 2023, los demandantes solicitaron reconsideración de la *Sentencia* o, en la alternativa, solicitaron autorización para enmendar la demanda e incluir al Matrimonio Nieves-Rivera como parte. Adujeron que la servidumbre de paso no atraviesa la finca que presuntamente es propiedad del Matrimonio Nieves-Rivera y, por tanto, no han solicitado remedio alguno en contra de ellos. Aún así, arguyeron que la titularidad de las fincas no quedó evidenciada. No obstante, solicitaron del foro primario que, de sostener su determinación sobre parte indispensable, permitiera enmendar la demanda e incluir a las partes en el pleito.

Luego, el 10 de agosto de 2023, Metro Avanti presentó una *Oposición a Reconsideración y a solicitud tardía para que se permita una segunda enmienda a la Demanda*. Argumentó que los demandantes no presentaron documentos que sustanciaran su argumento respecto a la titularidad de las fincas. Además, sostuvo que es improcedente enmendar una demanda, luego de emitida una sentencia.

El 17 de agosto de 2023, el Municipio presentó una *Moción en Oposición a Solicitud de Reconsideración* y sostuvo que el Matrimonio Nieves-Rivera es parte indispensable, ya que la servidumbre de paso solicitada atravesaría una finca propiedad de estos.

Así, pues, el 18 de agosto de 2023, el TPI dictaminó una Resolución, notificada el 23 de agosto de 2023, en la cual declaró No Ha Lugar la moción de reconsideración y solicitud de enmienda presentada por la parte demandante.

Insatisfechos, el 6 de octubre de 2023, la Sra. Álamo Rodríguez y el Dr. López Álamo presentaron un recurso de *Apelación*

---

[1] Véase Apéndice de la Parte Apelante a las págs. 192-193 (*Sentencia*).

ante esta Curia y solicitaron que revoquemos la *Sentencia* emitida el 17 de julio de 2023 y notificada el día siguiente. Los apelantes realizaron los siguientes señalamientos de error:

> **Erró el TPI al resolver en su sentencia que Francisco Nieves Figueroa, Amanda Rivas Rodríguez y la Sociedad Legal de Gananciales compuesta por ambos son partes indispensables en el pleito de epígrafe sin cuya presencia no pueda adjudicarse la controversia.**
>
> **Erró el TPI al resolver desestimar la demanda de epígrafe debido a que faltaban partes indispensables en el pleito, entiéndase Francisco Nieves Figueroa, Amanda Rivas Rodríguez y la Sociedad Legal de Gananciales compuesta por ambos.**
>
> **Erró el TPI al denegar la autorización para enmendar la demanda y hacer parte y acumular en el pleito de epígrafe a Francisco Nieves Figueroa, Amanda Rivas Rodríguez y la Sociedad Legal de Gananciales compuesta por ambos, tras resolver que eran parte indispensable, en vez de desestimar la demanda.**

Los apelantes alegan que la servidumbre de paso reclamada resulta paralela a la finca 20,282, es decir, no transcurre por finca alguna perteneciente al Matrimonio Nieves-Rivera. En la alternativa, arguyen que, de transcurrir por la propiedad, la prueba documental presentada por los apelados no es suficiente para evidenciar la titularidad de la finca. Aún más, arguyen que, al determinar que el Matrimonio Nieves-Rivera era parte indispensable, le correspondía al foro primario autorizar la enmienda a la Demanda para traerlos al pleito.

El 27 de noviembre de 2023, el Municipio presentó su *Oposición a Apelación.* Luego, el 4 de diciembre de 2023, Metro Avanti presentó su alegato en oposición.

Con el beneficio de la comparecencia de las partes y a la luz del derecho aplicable, procedemos a resolver.

**II.**

**-A-**

El Código Civil de Puerto Rico de 1930 define el derecho real de servidumbre como un gravamen impuesto sobre un bien inmueble, denominado predio sirviente, a beneficio de otro perteneciente a un dueño distinto, denominado predio dominante. Código Civil, Art. 465, 31 LPRA sec. 1631; *Ciudad Real v. Municipio de Vega Baja*, 161 DPR 160, 171 (2004).

A su vez, el Código Civil clasifica las servidumbres según su naturaleza o características. Así, las servidumbres son legales o voluntarias, según las establezca una ley o la voluntad de los propietarios de los predios involucrados. Código Civil, Art. 472, 31 LPRA sec. 1638; *Ciudad Real v. Municipio de Vega Baja*, 161 DPR, a las págs. 171-172.

Además, pueden establecerse "en provecho de una o más personas o de una comunidad a quienes no le pertenezca la finca gravada". Código Civil, Art. 466, 31 LPRA sec. 1632.

Las servidumbres que disfruta el propietario de una finca y que están constituidas sobre otra propiedad vecina, para beneficio de la primera, se conocen como servidumbres reales o prediales. Código Civil, Art. 467, 31 LPRA sec. 1633. Cabe aclarar, sin embargo, que las obligaciones que surgen de este tipo de servidumbre se deben respecto a la propiedad y no respecto a la persona que sea dueño de ella.

De otra parte, las servidumbres son inseparables de la finca a las que pertenecen activa o pasivamente. Código Civil, Art. 470, 31 LPRA sec. 1636. Además, son indivisibles, lo que significa que, si el predio sirviente se divide entre dos o más, no se modifica la servidumbre, sino que cada uno de los predios tiene que tolerarla en la parte que le corresponda. De igual forma, si es el predio dominante el que se divide entre dos o más, cada uno de ellos puede

usar por entero la servidumbre, pero sin alterar el lugar de su uso ni gravar de otra manera. Código Civil, Art. 471, 31 LPRA sec. 1637.

Uno de los tipos de servidumbres prediales lo constituyen las servidumbres de paso, regidas en nuestro ordenamiento por los artículos 500 a 506 del Código Civil, 31 LPRA secs. 1731 y 1737. Específicamente, el artículo 500 define la servidumbre de paso como el derecho que tiene un propietario de exigir que se le permita el paso por las propiedades vecinas cuando su finca o heredad se encuentra enclavada entre otras ajenas y sin salida a camino público, previa la correspondiente indemnización. Las servidumbres de paso, siendo discontinuas y aparentes, solo pueden adquirirse mediante título y, por excepción, mediante signo aparente, si concurren los elementos establecidos en el Art. 477 del Código Civil, 31 LPRA sec. 1655, a saber: (1) la existencia del signo aparente de servidumbre entre dos fincas; (2) que el signo aparente de servidumbre lo haya constituido el dueño de ambas fincas; (3) que una de las fincas se enajene a un tercero; y, (4) que no se haya hecho desaparecer el signo aparente de servidumbre antes del otorgamiento de la escritura de enajenación, o que no se haya hecho una manifestación contraria a la subsistencia del signo en el título de enajenación de cualquiera de las fincas.

**-B-**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a una parte que es demandada, mediante la presentación de una moción debidamente fundamentada a esos fines, solicitar la desestimación de la demanda instada en su contra. En particular, la referida regla establece que la parte demandada podrá solicitar la desestimación de la demanda en su contra por alguno de los siguientes fundamentos:

1) Falta de jurisdicción sobre la materia.

2) Falta de jurisdicción sobre la persona.
3) Insuficiencia del emplazamiento.
4) Insuficiencia del diligenciamiento del emplazamiento.
5) Dejar de exponer una reclamación que justifique la concesión de un remedio.
6) **Dejar de acumular una parte indispensable**. *Íd.* (Énfasis suplido).

La acumulación indispensable de partes está gobernada por la Regla 16 de Procedimiento Civil. 32 LPRA, Ap. III, R. 16. Específicamente, la Regla 16.1 de Procedimiento Civil, *supra*, dispone:

> Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada.

El interés de la parte en el litigio debe ser de "*[…] tal orden que impida la confección de un derecho adecuado sin afectarle o destruirle radicalmente sus derechos*". *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 223 (2007).

Así pues, una parte indispensable es aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada en su ausencia. *Pérez Ríos v. Luma Energy LLC.*, 2023 TSPR 136, 213 DPR __ (2023). Esta regla persigue el propósito de proteger a la persona ausente de los posibles efectos perjudiciales de un dictamen judicial y evitar la multiplicidad de pleitos. *Íd.*

Al determinar si una persona es una parte indispensable en un pleito, se requiere un enfoque pragmático e individualizado, a tenor con las particularidades de cada caso. *García Colón et al. v. Sucn. González*, 178 DPR 527, 549 (2010). En ese sentido, el tribunal deberá evaluar los intereses envueltos y distinguir entre los diversos géneros de casos. *Deliz et als. v. Igartúa et als.*, 158 DPR 403, 434 (2003). Ello "*exige una evaluación jurídica de factores tales como tiempo, lugar, modo, alegaciones, prueba, clase de derechos,*

*intereses en conflicto, resultado y formalidad*". *Íd.* citando a *Sánchez v. Sánchez*, 154 DPR 645, 678 (2001). Además, deberá examinar si el tribunal "*podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente*". *Pérez Rosa v. Morales Rosado*, supra.

Una vez se concluya que una parte es indispensable, el pleito no podrá adjudicarse sin su presencia. *Pérez Ríos v. Luma Energy LLC., supra*; *Pérez Rosa v. Morales Rosado, supra.* En tal caso, dicha persona tiene que hacerse formar parte en el pleito.

> De tal arraigo es el interés de proteger a las partes indispensables, que la no inclusión en el pleito de una parte indispensable constituye una defensa irrenunciable, la cual puede presentarse en cualquier momento durante el proceso. Incluso, los tribunales apelativos deben levantar *motu proprio* la falta de parte indispensable, debido a que ésta incide sobre la jurisdicción del tribunal. De reconocerse que está ausente una parte indispensable, debe desestimarse la acción. Sin embargo, dicha desestimación no tendrá el efecto de una adjudicación en los méritos ni, por ende, de cosa juzgada. *Pérez Rosa v. Morales Rosado, supra,* págs. 223-224. (Citas omitidas).

El estándar que debe cumplir quien alega ser parte indispensable en un pleito consiste en establecer un interés común con el que demuestre que sin su presencia no puede adjudicarse la controversia. Adviértase que no se trata de un mero interés en la controversia, sino de aquel de tal orden que impida la confección de un decreto adecuado sin afectarlo. *Pérez Ríos v. Luma Energy LLC., supra; Deliz Muñoz v. Igartúa,* 158 DPR 403 (2003); *Sánchez Encarnación v. Sánchez Brunet,* 154 DPR 645 (2001). Este debe ser, además, de índole real e inmediato. *FCPR v. ELA et al.*, 211 DPR 521, 531 (2023).

Ahora bien, "*[l]a omisión de incluir a una parte indispensable incide sobre el debido proceso de ley que cobija al ausente*". *Colón Negrón et al. v. Mun. Bayamón*, 192 DPR 499, 511 (2015). Por tanto, el mecanismo establecido en la Regla 16.1 de Procedimiento Civil, *supra*, parte de dos principios fundamentales: (1) garantizar la

protección constitucional de que una persona no sea privada de la libertad y propiedad sin un debido proceso de ley, y (2) la necesidad de que el decreto judicial emitido sea completo. *López García v. López García*, 200 DPR 50, 64 (2018).

Por ello, nuestro Tribunal Supremo ha expresado que "*[a]nte la ausencia de una parte indispensable, el tribunal carece de jurisdicción para resolver la controversia*". *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 677-678 (2012). Al incidir tal ausencia sobre la jurisdicción del tribunal, deberá entonces desestimarse la acción. *Íd.*, a la pág. 678. No obstante, dicha desestimación no tiene el efecto de una adjudicación en los méritos ni de cosa juzgada. *Pérez Rosa v. Morales Rosado,* 172 DPR 216, 224 (2007).

**-C-**

La Regla 13.1 de Procedimiento Civil, dispone que "*[c]ualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva*". 32 LPRA Ap. V, R. 13.1. No obstante, "*[e]n cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria*". *Íd.* En ese caso, "*el permiso [del tribunal para enmendar las alegaciones] se concederá liberalmente cuando la justicia así lo requiera*". *Íd.* Véase, además, *SLG Font Bardón v. Mini-Warehouse*, 179 DPR 322, 334-335 (2010).

Establecido lo anterior, "*la Regla 13.1 permite a una parte enmendar sus alegaciones cuando por alguna razón válida en derecho ha omitido algo en éstas*". *Dist. Unidos Gas v. Sucn. Declet Jiménez*, 196 DPR 96, 117 (2016) (Cita omitida); 32 LPRA Ap. V, R. 13.1.

Aunque las Reglas de Procedimiento Civil favorecen un enfoque liberal al momento de autorizar alguna enmienda a las alegaciones, "*esta liberalidad no es infinita*". *Colón Rivera v. Wyeth*

*Pharm.*, 184 DPR 184, 199 (2012) (Cita omitida). En *SLG Sierra v. Rodríguez,* el Tribunal Supremo estableció cuatro criterios que deben regir la discreción de los tribunales al decidir si autorizan o no una enmienda: "*(1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada*". 163 DPR 738, 748 (2005). Estos criterios deben ser analizados conjuntamente, y ninguno de ellos, por sí solo, obliga a los tribunales a negar o autorizar enmiendas a las alegaciones. Véase *SLG Font Bardón v. Mini-Warehouse, supra.*

**III.**

En el presente caso, la parte apelante solicita que revoquemos la *Sentencia* emitida el 17 de julio de 2023 y notificada el 18 del mismo mes y año, mediante la cual el TPI desestimó sin perjuicio la causa de acción en contra del Municipio y Metro Avanti por falta de parte indispensable. El Tribunal determinó que el Matrimonio Nieves-Rivera era parte indispensable, ya que los demandantes solicitaban que se reconociera una servidumbre de paso que presuntamente discurre por una finca propiedad del Matrimonio. La titularidad de la finca 20,280 quedó evidenciada mediante *Certificación Registral* expedida por la Registradora de la Propiedad, sección de Guaynabo, en la cual estipuló que la finca consta inscrita a favor de Francisco Nieves Figueroa y Amada Rivera Rodríguez.

Los apelantes le imputan al foro primario un total de tres (3) errores. En síntesis, los apelantes alegan que erró el foro *a quo* al concluir que el Matrimonio Nieves-Rivera es parte indispensable. Esbozan, además, que erró el foro primario al desestimar la causa de acción sin haberle concedido a los apelantes autorización para enmendar la demanda y traer al pleito a la denominada parte indispensable. Los errores señalados serán discutidos en conjunto

por tratar sobre el mismo asunto, la acumulación de partes indispensables.

En primer lugar, los apelantes solicitan que se reconozca una servidumbre de paso que discurre por las fincas de los apelados. Por el contrario, los apelados alegan que la servidumbre de paso reclamada no solo discurre por las fincas de estos, sino también por la finca del Matrimonio Nieves-Rivera. Por tal razón, los apelados arguyen que, evidenciada la titularidad de la finca, el Matrimonio Nieves-Rivera es una parte indispensable, sin cuya presencia no se puede dictar una sentencia.

Los apelantes argumentan que la prueba documental presentada, incluyendo la *Certificación Registral*, no fue suficiente para evidenciar la titularidad de la finca.

El principio de la fe pública registral se fundamenta en la idea de que el contenido del Registro de la Propiedad se considera exacto a los fines de la seguridad en el tráfico jurídico. Luis Rafael Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, 2da Edición, Jurídica Editores, 2002, a la pág. 96. Bajo este principio, se presume que los asientos del Registro son ciertos y correctos. Ante la ausencia de prueba que rebatiera la presunción de corrección de los asientos del Registro, la titularidad de la finca quedó evidenciada como perteneciente al Matrimonio Nieves-Rivera.

En segundo lugar, los apelantes sostienen que, aun cuando la servidumbre de paso discurra por la finca del Matrimonio Nieves-Rivera, en la *Primera Demanda Enmendada* no se presentó reclamación alguna en su contra.

El propósito de acumular a todas las partes es proteger los derechos de terceros ausentes. Así, independiente de que los apelantes levanten alguna reclamación en contra del Matrimonio Nieves-Rivera, la realidad es que el reconocimiento de una servidumbre de paso que discurre a través de su finca afectaría sus

derechos y crearía un gravamen sobre su propiedad. Ante la posibilidad de reconocer una servidumbre de paso que atraviesa una finca ajena a la de los apelados, el deber de los apelantes era traer al pleito a los titulares de las otras fincas que podrían verse afectadas. Por todo lo cual, evidenciada la titularidad del Matrimonio Nieves-Rivera sobre la finca 20,280, estos deberían ser acumulados en el pleito como partes indispensables, de manera oportuna.

Por otro lado, la parte apelante advino en conocimiento de la posibilidad de que la servidumbre atravesara la finca del Matrimonio Nieves-Rivera luego de que su titularidad quedara probada mediante *Certificación Registral*. Aun así, no solicitaron autorización para enmendar la demanda e incluirlos como parte indispensable hasta después de dictada la *Sentencia*. Enmendar una causa de acción, luego de emitido un fallo resolutorio, es improcedente en Derecho. Debido a esto, la solicitud de los apelantes fue tardía e inoportuna. Resulta forzoso concluir que el foro primario no erró al no permitir la enmienda a la demanda.

Finalmente, entendemos meritorio aclarar que, una desestimación sin perjuicio no significa una adjudicación en sus méritos. Por todo lo cual, la parte afectada no está imposibilitada de presentar una nueva causa de acción.

## IV.

Por los fundamentos antes expuestos, se *Confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones